SANFORD *v.* STATE OF INDIANA.

[No. 768S113. Filed January 26, 1971. No petition for rehearing filed.]

*Ralph L. Jewell,* of Columbus, for appellant.

*John J. Dillon,* Former Attorney General, *Murray West,* Former Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of uttering a forged instrument. However, the instructions given to the jury, including a form of verdict, were all directed to

the crime of forgery, and the verdict rendered by the jury was guilty of forgery "as charged in the affidavit." Appellant was sentenced to the Indiana State Reformatory for not less than two nor more than fourteen years and fined in the sum of $10.

The crimes of forgery and uttering a forged instrument are both set out in Burns Ind. Stat., 1956 Repl., § 10-2102, which reads as follows:

"Whoever falsely makes, or assists in making, defaces, destroys, alters, forges, counterfeits, prints, or photographs, or causes to be falsely made, defaced, destroyed, altered, forged, counterfeited, printed or photographed, any record or authentic matter of a public nature, deed, will, codicil, lease, bond, covenant, writing obligatory, bank bill or note, check, bill of exchange, or any acceptance or indorsement of any bill of exchange, promissory note for the payment of money or other property, or any post note, acquittance or receipt either for money or property, or any acquittance, release or discharge of any debt, account, action, suit, demand or other thing, real or personal, or any order, warrant or request for the payment of money, or any auditor's warrant, treasury note, county order, city order, indorsement of any promissory note, draft, or order or assignment of any bond, writing obligatory, or promissory note for money or property, or any order or draft for the payment of money or property, or any lawful brand on a tobacco leaf, bacon or pork cask, lard keg or barrel, salt barrel or hay bale, or any ticket, check, order, coupon receipt for fare or pass, printed, written, lithographed or engraved, issued by any railroad or other transportation company or by the manager, lessee, agent or receiver thereof, or any plat, draft or survey of land, or transfer or assurance of money, stock, goods, chattels, or other property whatever, or any letter of attorney, or any power or authority to receive money, or to receive and transfer stock or annuities, or to let, lease, dispose of, alien or convey any goods or chattels, lands or tenements, or other estate, real or personal, certificate of a justice of the peace or other public officer, or any other instrument in writing, with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, body politic or corporate

shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]. [Acts 1905, ch. 169, § 676, p. 584.]"

It is apparent from the above definitions of each crime that forgery and uttering a forged instrument are separate and distinct crimes. In order to be guilty of forgery one must have falsely made or assisted in the making, defacing, destroying, altering, etc., an instrument. There is no requirement that the instrument be presented, the gravamen of the offense being the act of making or altering the instrument. However, on the other hand, it is not necessary for one to commit a forgery to be guilty of uttering a forged instrument. It is only necessary that it be established that the person charged presented an instrument for payment which he knew to be a forged instrument. *Gennaitte* v. *State* (1963), 243 Ind. 532, 188 N. E. 2d 412, 1 Ind. Dec. 136.

The general principle that these two charges are separate crimes was noted by this Court even prior to the passage of the present statute. See *Beyerline* v. *State* (1897), 147 Ind. 125, 45 N. E. 772. We hold that the holding in the *Beyerline* case is equally applicable to the present statute.

This Court has previously held that the verdict of a jury or the finding of a trial court which did not determine the issues joined is contrary to law. *Bruce* v. *State* (1952), 230 Ind. 413, 104 N. E. 2d 129.

The State correctly points out that the appellant raised this question for the first time in this appeal, and that the question was not presented to the trial court. We have previously held that although we are not required to search the record for errors, we are not so restricted that we must close our eyes to what is clearly before us. *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320, 11 Ind. Dec. 351.

In the case at bar an examination of the charging affidavit and of the verdict and judgment rendered thereon makes it clear to this Court that the verdict is contrary to law.

The trial court is, therefore, reversed, and the cause is remanded to the trial court with instructions to order a new trial of the appellant.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 701.