GEORGE MATT BELCHER *v.* STATE OF INDIANA.

[No. 1-973A163. Filed December 12, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

GARRARD, J.—This is an appeal from the denial of post conviction relief. On April 14, 1971, defendant was charged by an affidavit which alleged that he did:

". . . feloniously, fraudulently and knowingly, utter, publish and pass, indorse and deliver to Kenneth B. Young as true and genuine a certain false, forged counterfeit check for the payment of money . . . well knowing said check to be false, forged and counterfeit. . . ."

Defendant originally plead not guilty. Later, with counsel, he appeared and indicated his desire to change his plea. The court then advised defendant at length of his rights and inquired to insure that he understood them. Next it was determined that defendant had a copy of the affidavit and had discussed it with his attorney. The affidavit was then read verbatim to the defendant by the court. Defendant was then asked:

"Mr. Terrill: You did deliver a check to the guy in the filling station?

Def.: Right, yes.

Mr. Terrill: Intending to defraud Haven's Service Center?

Def.: Right."

He then entered his plea of guilty.

Defendant urges that his guilty plea must be set aside as being made unknowingly and without benefit of competent counsel because during the course of the arraignment the court indicated he was charged with *forgery* and the order book entry of judgment records that he was guilty "of the offense of *forgery,* as charged in the affidavit."[1] He urges reversal is mandated by the holding in *Sanford* v. *State* (1971), 255 Ind. 542, 265 N.E.2d 701. We do not read *Sanford* to require so pedantic a result.

Certainly, forgery and uttering a forged instrument are separate crimes, although it should be noted that both appear in the same paragraph of the statute. Thus, in ▮ *Beyerline* v. *State* (1897), 147 Ind. 215, 45 N.E. 772, the court held acquittal on a charge of uttering would not bar a subsequent prosecution for forgery although the instrument in both cases was the same.

In *Sanford* the defendant was tried to a jury upon an affidavit which charged uttering. However, the instructions

---

1. The allegation of incompetent counsel rests solely upon the failure of counsel to assert the distinction between forgery and uttering under the circumstances present.

which were given to the jury were all directed to the crime of forgery, and forgery was the offense upon which they returned their verdict. The Supreme Court reversed, citing *Bruce* v. *State* (1952), 230 Ind. 413, 104 N.E.2d 129, since under such circumstances the verdict was contrary to law because it did not determine the issues joined, i.e. whether defendant was guilty of *uttering* a forged instrument. The rationale of this rule is well treated in *Bruce* and the many cases cited therein. It may be simply summarized as providing that (a) an affidavit must charge in direct and unmistakable terms the offense with which the defendant is accused; (b) if there is a reasonable doubt as to what offense(s) are set forth in the affidavit, that doubt should be resolved in favor of the defendant; and (c) where the defendant is convicted of an offense not within the charge, the conviction may not stand for the reason the defendant is entitled to limit his defense to those matters with which he stands accused.[2] Thus, in *Sanford* the charge of uttering did not cover the offense of forgery. In *Bruce* the charge was sufficient to cover assault with intent to commit a felony, but did not permit the jury's finding of assault *and battery* with similar intent. In each instance a reading of the affidavit would lead both the defendant and the court to conclude that the defendant was accused of specific criminal conduct which did *not* include the crime for which he was actually convicted.

Contrast those cases which involve findings on contested issues to the instant appeal. The language of the affidavit here clearly charged uttering a forged instrument, the precise crime defendant's factual admissions indicated he had committed. A copy of the affidavit was in defendant's possession, he had discussed it with counsel and it was read to him by the court.

While the court apparently did, during the proceedings, refer to the charge as being for "forgery", this was not

---

2. The "principal" charge and lesser included offenses.

prejudicial error since the affidavit was read verbatim and it does not appear that defendant was in any way misled. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803.

Similarly, the order book entry of judgment indicat- ██ "forgery", under these facts, amounts to no more than a defect in form.

Indeed, the error appears to be precisely the kind of mistake the framers of the Indiana Rules of Procedure contemplated when Appellate Rule 15(D) was drafted.

Accordingly, pursuant to Rules AP. 15(D) and (M), the defendant's judgment of conviction is hereby corrected by deleting therefrom the word "Forgery" as it appears therein and by inserting in lieu thereof the words "Uttering a Forged Instrument".

Subject to the foregoing correction of the judgment, the denial of post conviction relief is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 319 N.E.2d 658.