OPAL CATT *v.* STATE OF INDIANA.

[No. 1-275A28. Filed January 26, 1976. Rehearing denied February 27, 1976. Transfer denied September 13, 1976.]

*Forrest Bowman, Jr., Bowman and Kammen,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

PER CURIAM—The defendant-appellant, Catt, is appealing her conviction as an accessory before the fact of uttering a forged instrument. The two issues raised concern questions Catt was required to answer on cross-examination and an alleged impropriety of the verdict.

We find no reversible error and accordingly affirm.

Catt's first assignment of error alleges that after testifying in her own behalf she was asked questions on cross-examination which revealed to the jury, over objection, that she had been convicted of the Offenses Against Property Act, escape from the Indiana Women's Prison, and a federal offense of giving "false information". Additionally, but without objection, she testified as to the amount of time spent in prison and on parole. Catt argues this is contrary to the holding of *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210.

We are of the opinion that other cases elaborating upon *Ashton, supra,* remove any possibility of error in eliciting testimony from Catt about her prior convictions involving theft, escape, and "false information" for these are plainly offenses including dishonesty or false statements as defined in *Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811. *See also: Dexter* v. *State* (1973), 260 Ind. 608, 297 N.E.2d 817; *Hall* v. *State* (1976), 167 Ind. App. 604, 339 N.E.2d 802.

The second argument made by Catt is that the jury's verdict is contrary to law.

Catt was charged by affidavit as an accessory before the fact of uttering a forged instrument:

". . . Opal Catt did then and there unlawfully and feloniously *counsel and encourage* the said John Shelby to do and commit the said felony in the manner and form aforesaid. . . ." (Emphasis added.)

The verdict returned by the jury read:

"We, the jury find defendant, Opal M. Catt, guilty of committing the offense of being an accessory before the fact in *aiding and abetting* in the commission of a felony by one John Shelby. . . ." (Emphasis added).

Catt contends that the verdict is defective for two reasons: first, it did not determine the issues joined; second, the verdict failed to indicate the felony to which she was an accessory.

Catt relies upon *Sanford* v. *State* (1971), 255 Ind. 542, 265 N.E.2d 701, which held:

"This court has previously held that the verdict of a jury or the finding of a trial court which did not determine the issues joined is contrary to law. *Bruce* v. *State* (1952), 230 Ind. 413, 104 N.E.2d 129." 255 Ind. at 544, 265 N.E.2d at 703.

In *Sanford* the defendant was tried by the jury upon an affidavit which charged uttering of a forged instrument. However, the jury returned a verdict of guilty upon the offense of forgery, a separate and distinct offense. The Supreme Court held that the verdict was contrary to law because it did not determine the issues joined, whether defendant was guilty of uttering a forged instrument.

The rationale for this rule has been stated as follows:

". . . where the defendant is convicted of an offense not within the charge, the conviction may not stand for the reason the defendant is entitled to limit his defense to those matters with which he stands accused." *Belcher* v. *State* (1974), 162 Ind. App. 411, 318 N.E.2d 658, 660.

*Sanford* is clearly distinguishable from the present case. In *Sanford* the affidavit charged an offense separate and distinct from that indicated in the jury's verdict. In the present case, the jury's verdict found Catt guilty of being an

accessory before the fact, the same offense alleged in the charging instrument.

Moreover, the allegation of counseling and encouraging the commission of a felony is not so different from the jury's finding of aiding or abetting as to have prejudiced Catt's defense.

Finally, Catt argues that the verdict is defective in that it fails to indicate the felony to which she was an accessory.

The general rule is that a verdict will not be considered defective unless it is so uncertain that no judgment can be rendered upon it. *DeVaney* v. *State* (1972), 259 Ind. 483, 288 N.E.2d 732.

In the present case, the charging affidavit clearly alleged that John Shelby had committed the offense of uttering a forged instrument and that Catt was an accessory to that offense. The verdict indicated that Catt was guilty of "aiding or abetting in the commission of a felony by one John Shelby." Thus, it was sufficiently definite to enable the court to enter judgment thereon.

Judgment affirmed.

NOTE.—Reported at 340 N.E.2d 371.