**STATE of Iowa, Appellee,**

v.

**Michael P. GAVIN, Appellant.**

**No. 67063.**

Supreme Court of Iowa.

Jan. 19, 1983.

John G. Mullen, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., and Shirley Ann Steffe, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Defendant Michael P. Gavin appeals from his jury conviction of murder in the first degree, Iowa Code section 707.2 (1981), kidnapping in the first degree, section 710.2, and theft in the second degree, section 714.-2.[1] On appeal he contends the trial court erred by: (1) failing to sever his trial from the trial of his four co-defendants; (2) permitting the State to amend the trial information three days prior to the trial to include a torture alternative to the kidnapping charge; (3) permitting the State to use a prior felony-escape conviction for impeachment purposes; and (4) failing to specifically instruct the jury that the felo-

ny-murder rule applied to the robbery of the murder victim and not the robbery of another victim who remained alive. Because we conclude the court erred in allowing the use of the prior felony-escape conviction, we reverse and remand for a new trial.

I.  *Cross-Examination of Defendant about Prior Escape Conviction.*

The defendant had been convicted of escape in 1974. The record does not indicate the details of the offense. Over defense counsel's objection, the trial court permitted cross-examination of the defendant about the escape conviction. On appeal, he contends the trial court erred in allowing this impeachment testimony because escape does not involve dishonesty or false statement, and under the rule of *State v. Martin,* 217 N.W.2d 536 (Iowa 1974), was therefore inadmissible.

We have recently reviewed the principles applicable to use of a prior felony conviction to impeach a defendant. *See State v. Zaehringer,* 325 N.W.2d 754 (Iowa 1982). In *Zaehringer,* the defendant was charged with rape; we held, based on the guidelines laid down in *Martin,* that the trial court erred in allowing impeachment of the defendant by a prior felony conviction for delivery of marijuana.

To be admissible, evidence of a prior conviction must meet a two-pronged test: (1) the prior crime must involve dishonesty or false statement, and (2) the trial court must determine that the danger of unfair prejudice does not substantially outweigh the probative value of the conviction. *Zaehringer,* 325 N.W.2d at 756; *State v. Conner,* 241 N.W.2d 447, 454 (Iowa 1976); *Martin,* 217 N.W.2d at 542.

We have used the "elemental" test to determine whether specific categories of crimes met the *Martin* criteria of dishonesty. In *Zaehringer,* for example, we examined the elements of the crime of delivery

---

1.  The facts surrounding these crimes are not specifically detailed as they have been set forth before in the separate appeals of two other

co-defendants, *see State v. Schertz,* 328 N.W. 2d 320 (Iowa 1982) and *State v. LeCompte,* 327 N.W.2d 221 (Iowa 1982).

of marijuana, found that none of them were couched in terms implying deceit, fraud, cheating or stealing, and concluded a conviction for that crime was not admissible. *Zaehringer*, 325 N.W.2d at 756.

█ In Iowa, escape may be committed in a number of ways, and the elements vary accordingly. Under Iowa Code sections 719.4(1) or (2), escape is committed if a person, charged or convicted of a crime, "intentionally escapes from any detention facility or institution to which the person has been committed." A misdemeanor escape is committed under section 719.4(3) if a person absents himself from any place where he is required to be, or flees from the state to avoid prosecution, under section 719.4(4). While dishonesty in the form of deception or ruse might actually be present in some escape cases, this is not an element expressly or impliedly required by any of the various forms of escape under Iowa Code section 719.4.

Under analogous rules, other jurisdictions have not permitted impeachment for escape or similar offenses. *See, e.g., United States v. Frazier,* 418 F.2d 854 (4th Cir.1969) (per curiam) (conviction for being absent without leave inadmissible to impeach government witness because not a "felony, infamous crime, petty larceny or a crime involving moral turpitude"); *United States v. Tomaiolo,* 249 F.2d 683, 692 (2nd Cir.1957) (A.W.O.L. offense not a felony or crime involving moral turpitude and could not be used for general attacks on credibility); *Munsey v. State,* 496 S.W.2d 525, 527 (Tenn. 1973) (same); *Cox v. State,* 50 Ala.App. 339, 341, 279 So.2d 143, 143 (1973) (same).

█ We hold the trial court committed reversible error in allowing impeachment based on the felonious escape. At this joint trial, the defendant's credibility was critical to the success of his defense, especially in light of the testimony of one of the co-defendants that the defendant had threatened or coerced him to become involved in the crime. Under these circumstances, we cannot find the error was harmless. *See Zaehringer*, 325 N.W.2d at 758.

II. *Other Issues.*

█ We have considered the remaining issues presented. Issues (1) and (2) would not arise on re-trial and do not warrant discussion. With regard to issue (4), we conclude the defendant's argument is without merit. *See* Iowa Code § 707.2(2) (felony murder); *see also* 40 C.J.S. *Homicide* § 21 at 868 (1944) (person killed need not be person robbed).

The judgment of the trial court is reversed, and the case is remanded for a new trial.

REVERSED AND REMANDED.

All Justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent. When the witness sought to be impeached is the accused, the issue of credibility is not whether he or she speaks truthfully in the affairs of everyday living; it is whether this person would testify falsely in order to avoid paying the penalty for a criminal act. There is a rational basis for concluding that a person who would escape from custody in order to avoid the penal consequences of his or her acts would also be willing to testify falsely to achieve that purpose. Our application of the limitations which *State v. Martin* places on impeachment by means of prior felony convictions should be flexible enough to accommodate the trial court's ruling allowing the defendant in the present case to be impeached by means of his prior conviction for the felony of escape. *See Catt v. State,* 167 Ind.App. 648, 340 N.E.2d 371, 372 (1976). I find no reason to reverse on this issue or any of the other assignments of error which defendant has advanced. I would affirm the defendant's conviction.