**Thomas E. COPPOCK, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 783S274.**

Supreme Court of Indiana.

July 31, 1985.

Thomas J. Mattern, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The appellant, Thomas Coppock, was convicted by a jury of attempted burglary and burglary, class B felonies, Ind.Code §§ 35–41–5–1 and 35–43–2–1 (Burns 1985 Repl.), and was sentenced to a term of imprisonment of ten years. The jury found him to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.), and his sentence was enhanced by thirty years. He raises the following issues in this direct appeal: (1) whether it was error to admit his confession into evidence; (2) whether it was error to allow the State to introduce a waiver of rights form signed by appellant prior to his confession; (3) whether the court furnished appellant a copy of the presentence report sufficiently in advance of the sentencing hearing; and (4) whether the court committed reversible error when it sentenced appellant for a class B felony pursuant to the verdict after erroneously entering judgment for class C felonies.

I.

Appellant claims his confession was not freely and voluntarily made and should not have been admitted against him. First, he argues it was induced by a promise that an accomplice would not be charged. Second,

he claims that the confession was made while he was under the influence of drugs and alcohol.

The State had the burden of proving beyond a reasonable doubt that the appellant's confession was freely self-determined and was not a result of promises, threats, or any other improper influence. *Rogers v. Richmond* (1961), 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; *Warfel v. State* (1983), Ind., 454 N.E.2d 1218; *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165. On appeal, we look to all the circumstances to determine whether a confession was voluntary. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. In determining whether the State has met its burden, we will consider any uncontroverted evidence presented by the appellant, and, in the case of conflicting evidence, that which supports the trial court's decision. *Id.*

The facts which tend to support the decision below are as follows. Appellant was apprehended near the site of the burglary to which a female friend, D.T. had driven him. The police read to him his *Miranda* warnings, and he was identified at the scene by the victim.

Initially, he denied having committed the crime. After further discussion, however, he indicated his concern that his statement might lead to criminal charges against D.T., to whom he referred as his "girlfriend."

According to the interrogating officer's testimony at the suppression hearing and at trial, he told appellant that if appellant confessed he felt the prosecutor probably would not charge D.T., assuming she had not been in trouble before. The officer testified that he gave the appellant only his opinion and that he made no promises. The appellant signed a waiver form and confessed.

The officer testified that appellant did not appear to be under the influence of drugs or alcohol, and that he did not detect an odor of alcohol on appellant's breath. At trial, another officer who observed appellant at the crime scene testified that

appellant did not appear intoxicated. D.T. testified that appellant and his *girlfriend* were living at her house on the morning D.T. drove him to the site of the burglary. She testified that she had not seen him drinking or taking drugs and that he appeared normal the morning of the burglary.

On the other hand, appellant testified that he "kinda broke" after a promise that D.T. would not be charged. He also stated he had been drinking alcohol and synthetic morphine that morning and the previous night, and that it affected his thinking. He testified that the drugs did not leave an odor on his breath, but that he had told the interrogating officer he was sick from taking drugs.

The evidence concerning whether or not a promise was made concerning D.T.'s criminal liability is in conflict. Assuming, *arguendo*, that a promise was made, we turn to appellant's argument that his conviction should be reversed pursuant to *Hall v. State* (1971), 255 Ind. 606, 266 N.E.2d 16.

In *Hall v. State*, this Court reversed Hall's conviction because, we found, his confession was induced by a clear implication from the interrogating police that if he did not confess his wife would be charged and his children placed in another's custody. We held that a confession, however truthful, encouraged through the use of such a threat to one's wife and family could not, as a matter of law, be considered free and voluntary. *Hall v. State* (1971), 255 Ind. at 611, 266 N.E.2d at 19. Appellant's position is that just as Hall's confession was induced by a threat, his was induced by an alleged promise.

■ Even given the assumption that a promise was made, the case at hand is distinguishable from *Hall*. Appellant and the officer each testified that *appellant*, after first denying his presence at the victim's house, then admitting his presence but denying his criminal intent, himself initiated the discussion about D.T. and indicated she was his reason for hesitating. This tends to show that whatever was said about D.T.'s liability, the subject was not used as a coercive tool to overbear appellant's will to resist. Also, D.T.'s testimony was that appellant and his girlfriend were her houseguests. Thus, appellant's relationship with D.T. inferably did not rise to the level of Hall's near and dear spousal relationship and would not be as susceptible to coercion by threat or promise. In *Bailey v. State* (1985), Ind., 473 N.E.2d 609, we held that an accused's expectation that his confession would gain the release of a friend with whom he was arrested did not render his confession involuntary.

■ In any case, appellant's claim that his confession was induced by a promise or by intoxication was controverted. The record reveals no evidence other than his own that improper influences operated to render his signed waiver and his confession anything but freely self-determined. Under these circumstances, we find that the trial court could have reasonably concluded beyond a reasonable doubt that appellant's confession was freely and voluntarily made.

## II.

During the hearing on the motion to suppress, the State introduced the *Miranda* rights waiver form which appellant had signed prior to his confession. The defense objected and sought the exclusion of the form on the grounds that, in violation of a discovery order, it had not been produced by the State. The appellant claims it was error to allow the State to introduce the form.

■ Generally, where discoverable evidence is not revealed until the State seeks its introduction, the defense has two courses of action. It may seek either a continuance or the exclusion of the evidence. *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. Exclusion is the appropriate remedy where the State has in bad faith failed to comply with the discovery order or where exclusion is the only remedy which would avoid a substantial prejudice to the defendant's rights. *Id.*

Here, the State responded that the form had been in the court's file attached to the probable cause affidavit and to the appellant's typed confession. Thus, it would appear that appellant either could not have or should not have been surprised by the document and that the State's non-compliance was not a bad faith effort to undermine the defense. For that reason, we disagree with appellant that this case is "*Long* revisited," *Long v. State* (1982), Ind. App. 431 N.E.2d 875, where the prosecution did not provide Long's inculpatory statement in discovery and, instead, waited until Long took the stand and then used the statement for impeachment. Here, the discovery violation came to light during a pretrial hearing when a continuance would have been especially meaningful. But it was incumbent upon the defense, in order to preserve any error for review, to request the appropriate sanction. *Murphy v. State* (1976), 265 Ind. 116, 352 N.E.2d 479. Even when the State suggested that a continuance was the appropriate sanction, appellant did not so move. Furthermore, appellant did not object at trial to the introduction of the document on the grounds now asserted and, for that reason too, has not preserved the issue for review. *Tabor v. State* (1984), Ind., 461 N.E.2d 118.

### III.

Ind.Code § 35–38–1–12 provides in pertinent part:

> "*Disclosure of presentence report.*—(a) Before imposing sentence, the court shall:
>
> . . .
>
> (2) provide the convicted person or his counsel and the prosecuting attorney with a copy of the presentence report.
>
> (b) . . . *The court shall furnish the factual contents of the presentence investigation or a copy of the presentence report sufficiently in advance of sentencing so that the convicted person will be afforded a fair opportunity to controvert the material included.*"
>
> (Emphasis added.)

Ind.Code § 35–38–1–12 (Burns 1985 Repl.). Appellant claims that the court erred when it proceeded with the sentencing hearing over counsel's objection that ample time had not been provided to inspect the presentence report.

Apparently, the presentence report was provided to the defense only one day before the sentencing hearing. While in some cases it is likely one day would not be sufficient time for preparation, each case should be judged under its own circumstances. *Lang v. State* (1984), Ind., 461 N.E.2d 1110. Here, the court addressed appellant personally and inquired whether he needed more time to inspect the report. Appellant said he did not. Some minor corrections were made in the report and the appellant told the court he knew of no reason sentence should not be imposed at that time. At that point, counsel objected to sentencing on the grounds that the court had not granted ample time to prepare for purposes of controverting the substance of the report. Counsel asked the court to continue the hearing on its own motion and would not move for a continuance despite the court's statement that a motion would be granted. After counsel's objection, appellant again personally advised the court that he had nothing more to present and that he did not object to sentencing at that time.

The court was not provided with grounds for continuing the hearing and, in fact, was advised by appellant that he wanted to proceed. On appeal, the appellant has not specified in what way he could have controverted the information in the presentence report. Accordingly, he has failed to show how he was harmed.

### IV.

Appellant was charged with attempted burglary of a dwelling and burglary of a dwelling, class B felonies. Ind.Code §§ 35–41–5–1 and 35–43–2–1 (Burns 1985 Repl.). The jury returned verdicts of "guilty as charged." The court then erroneously entered judgment against appellant for class C felonies. Nonetheless, at sentencing the

court correctly stated that appellant had been found guilty of a class B felony, attempted burglary, and sentenced him to the presumptive ten-year sentence. Ind.Code § 35–50–2–5 (Burns 1985 Repl.). Appellant claims the court committed reversible error when it sentenced him to the presumptive term for class B felonies when judgment had been entered on class C felonies.

The jury returned verdicts of guilty for attempted burglary of a dwelling and burglary of a dwelling. In this case, the appellant could not have been legally sentenced for both crimes contained in the verdict, but the court's function was to pronounce *legal* sentence pursuant to the jury's verdict. *Gambill v. State* (1982), Ind., 436 N.E.2d 301. Although judgment was incorrectly entered, appellant was not prejudiced, as he was correctly charged, found guilty as charged, and sentenced accordingly. The mistake was merely one of form. *Belcher v. State* (1974), 162 Ind. App. 411, 319 N.E.2d 658. Therefore, we invoke Rule 15(E) of the Indiana Rules of Appellate Procedure which provides as follows:

> *"(E) Defect in Form no Ground for Reversal.* No judgment shall be stayed or reversed, in whole or in part, by the court on appeal for any defect in form, variance or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, *but such defects shall be deemed to be amended in the court on appeal;* nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." (Emphasis added.)

The error in the entry of judgment is deemed corrected to conform to the verdict. Indiana Rules of Appellate Procedure, Rule 15(E); *Belcher v. State* (1974), 162 Ind.App. 411, 319 N.E.2d 658.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.