Stacey STROUP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0308–CR–732.

Court of Appeals of Indiana.

June 15, 2004.

 .

 
 
 
 
 

 
 
 
 
 
 

 
 
 
 

 
 
 

 
 
 
 

 
 
 
 
 
 
 
 

Janice L. Stevens, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

## OPINION

MATHIAS, Judge.

Stacey Stroup ("Stroup") was convicted of Class C felony forgery,[1] Class D felony obtaining a controlled substance by fraud or deceit,[2] and three counts of Class D felony possession of a controlled substance[3] in Marion Superior Court. Stroup now appeals, presenting the following restated issues for review:

I. Whether the State met its burden of proving that Marion County was the proper venue in which to charge Stroup with forgery;

II. Whether Stroup's confession was properly obtained; and,

III. Whether Stroup's possession of a controlled substance convictions violate the Double Jeopardy Clause of the Indiana Constitution.

Concluding that Stroup's confession was properly obtained but that the State failed to meet its burden of establishing venue and that Stroup's possession of a controlled substance convictions violate the Double Jeopardy Clause of the Indiana Constitution, we affirm in part, reverse in part, and remand to the trial court.

### Facts and Procedural History

On December 2, 2002, Stroup handed pharmacist Susan Pajonk ("Pajonk") a prescription for Vicodin ES at a K–Mart pharmacy located at 5101 East Thompson Road in Marion County. Pajonk believed there was something suspicious about Stroup's prescription. Accordingly, Pajonk only gave Stroup half of her prescription, informed Stroup that she could pick up the remainder of her prescription on the following day, and left a note for the pharmacist who would be working on the following day, Jerry Davis ("Davis"), indicating that Stroup's prescription should be investigated.

On the following day, Davis called the doctor's office listed on Stroup's prescription and determined that Stroup's prescription was not properly issued. When Stroup returned to pick up the remainder of her prescription, Davis called the Marion County Sheriff's Department, informed them there was someone in the store who possibly had a forged prescription, and gave Stroup the remainder of her prescription.

Marion County Sheriff's Detective Barbara Maxey ("Detective Maxey") was dispatched to the K–Mart pharmacy to inves-

---

1. Ind.Code § 35–43–5–2 (1998).

2. Ind.Code § 35–48–4–14 (1998).

3. Ind.Code § 35–48–4–7 (1998).

tigate. Upon arriving, Detective Maxey located Stroup and advised her of her right to remain silent, her right to consult a lawyer before being asked questions, and her right to stop questioning at any time. State's Ex. 4.

After this advisement, the following exchange occurred:

Stroup: How long would it be before I got a lawyer appointed?

Dt. Maxey: It would be in court, and they'd have to declare that you're indigent and, if so, you'd get a public defender. If not, then you'd have to hire a lawyer on your own.

Stroup: Would I stay in jail until I got one?

Dt. Maxey: If you need a public defender and you don't get released from jail, yes. But, if you make bond and you get out, you'd have to get your own lawyer [inaudible]. If you want to take care of it now while you're here and be done with it.

Stroup: I can't stay in jail.

Dt. Maxey: Ok. So if you want to talk to me now, you need to initial right here.

Ex. Vol, State's Ex. 4. Stroup signed a form waiving her right to remain silent and gave a recorded statement indicating that she forged her prescription. Ex. Vol, State's Ex. 3 and 4.

On December 5, 2002, the State charged Stroup by information with two counts of Class C felony forgery, two counts of Class D felony obtaining a controlled substance by fraud or deceit, and four counts of Class D felony possession of a controlled substance. Before trial, the State dismissed a Class C felony forgery, a Class D felony obtaining a controlled substance by fraud or deceit, and a Class D felony possession of a controlled substance count of Stroup's indictment.

During trial, Stroup objected to the admission of her confession. Stroup supported her objection with her testimony indicating that she understood Detective Maxey's statements as indicating that she did not have a right to an attorney during interrogation. Tr. pp. 42–43. The trial court overruled Stroup's objection.

After the State rested, Stroup moved for judgment on the evidence, claiming the State failed to establish venue for the forgery count of her indictment. The trial court denied Stroup's motion, found her guilty on all counts, and imposed a three-year sentence for her Class C felony forgery conviction and a one-year concurrent sentence for each of her lesser-included convictions. The trial court then suspended one year of Stroup's sentence and ordered the remainder of Stroup's sentence to be served on home detention. Stroup now appeals.

## I. *Miranda*

██ Review of the denial of a motion to suppress is similar to other sufficiency matters. *Goodner v. State*, 714 N.E.2d 638, 641 (Ind.1999). The evidence must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We do not reweigh the evidence and we consider conflicting evidence most favorable to the trial court's ruling. *Id.*

██ When an accused has invoked the right to counsel, the police must cease questioning until an attorney has been made available or until the accused initiates further conversation with the police. *Sauerheber v. State*, 698 N.E.2d 796, 801 (Ind.1998) (citing *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)). We determine whether an accused has asserted the right to counsel on an objective standard. *Id.* (citing *Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)). Invocation of this right requires, at a minimum, some

statement that can be reasonably construed as an expression of a desire for the assistance of an attorney. *Id.* at 803 (noting police have no duty to cease questioning when an equivocal request for an attorney has been made); *see also Ajabu v. State,* 693 N.E.2d 921, 928 (Ind.1998) ("an express request is required to trigger the right to counsel").

Stroup contends that her statement of, "How long would it be before I got a lawyer appointed" constituted a clear and unequivocal request for an attorney. Br. of Appellant at 11 (citing State's Ex. 4). We disagree. Stroup's statement is clearly a procedural question rather than an unequivocal request for counsel.

Rather, we are more concerned with Detective Maxey's response to Stroup's question, of "It would be in court." Nonetheless, this statement has already been addressed and approved by the United States and Indiana Supreme Courts. *See Duckworth v. Eagan,* 492 U.S. 195, 197, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (approving of officers informing suspects that they were entitled to a lawyer "if and when you go to court"); *Sauerheber,* 698 N.E.2d at 803. Of crucial importance to *Duckworth's* holding was the Court's determination that the defendant was informed of his right (1) to speak to an attorney before and during questioning and (2) to stop questioning at any time. *Duckworth,* 492 U.S. at 203, 109 S.Ct. 2875. Similarly, Stroup was specifically informed of her right to talk to an attorney before and during questioning and her right to stop questioning at any time. Ex. Vol., State's Ex. 3 and 4. Accordingly, this case is controlled by binding precedent, and Detective Maxey's response to Stroup's question was permissible.

## II. Venue

█ Stroup contends the only evidence establishing venue for her forgery convic-tion was her testimony indicating she made her prescription in Hamilton County and, accordingly, her Marion County conviction should be reversed.

The Indiana Constitution states, "In all criminal prosecutions, the accused shall have the right to a public trial ... in the county in which the offense shall have been committed." Ind. Const. Art. I, § 13(a); *see also* Ind.Code § 35–32–2–1(a) (1998). Venue is not an element of the offense. *Alkhalidi v. State,* 753 N.E.2d 625, 628 (Ind.2001) (citing *Sizemore v. State,* 272 Ind. 26, 31, 395 N.E.2d 783, 787 (1979)). The State is required to prove venue by a preponderance of the evidence. *Id.*

█ If the defendant challenges venue at the conclusion of the State's case, the question becomes one of the sufficiency of the evidence supporting the conclusion that the defendant was tried in the proper county. *Kindred v. State,* 540 N.E.2d 1161, 1166 (Ind.1989). This court treats a claim of insufficient evidence of venue in the same manner as other claims of insufficient evidence. *Chavez v. State,* 722 N.E.2d 885, 895 (Ind.Ct.App.2000). We neither reweigh the evidence nor assess witness credibility and look only to the evidence and the reasonable inferences drawn therefrom which support the conclusion of requisite venue. *Id.*

█ "Venue is not limited to the place where the defendant acted. To the contrary, the legislature may provide for concurrent venue when the *elements* of the crime are committed in more than one county." *Baugh v. State,* 801 N.E.2d 629, 632 (Ind.2004) (emphasis added). "A person who, with the intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made by another person commits forgery, a Class C felony." Ind.Code § 35–43–5–

2($l$). The offense of forgery includes "two distinct and independent" crimes: (1) making and (2) uttering a forged instrument.[4] *Jordan v. State*, 502 N.E.2d 910, 914 (Ind. 1987) (citing *Sanford v. State*, 255 Ind. 542, 265 N.E.2d 701 (1971)); *see also Simmons v. State*, 585 N.E.2d 1341, 1344 (Ind.Ct. App.1992) (noting that Indiana Code section 35–43–5–2 is one of the unique statutes that provides for multiple offenses within the same statute).

The State charged Stroup with the "making" variant of forgery and contends the intent element of forgery was not consummated until Stroup presented her prescription in Marion County and, accordingly, Marion County was the proper venue. Appellant's App. p. 21; Br. of Appellee at 5. However, Indiana's forgery statute clearly indicates that forgery's mens rea is consummated upon the completion of the forged instrument. *See* Ind.Code § 35–43–5–2(1) ("a person who, with the intent to defraud, makes").

■ The State also contends that "[i]f Stroup had not *presented* the prescription slip to be filled in Marion County, she would not have completed the crime, regardless of where the prescription slip was made." Br. of Appellee at 5 (emphasis added). However, "to present" is "to utter." *See* Ind.Code § 35–41–1–27. Our supreme court has specifically determined that "to make" and "to utter" are "two distinct and independent" forgery offenses. *Jordan*, 502 N.E.2d at 914. Requiring the State to prove a defendant "presented" the

forged instrument when seeking a conviction pursuant to the "make" variant of forgery ignores the make/utter distinction required by our supreme court.

Because every element supporting Stroup's forgery conviction was completed in Hamilton rather than Marion County, the State did not establish venue, and we vacate her forgery conviction.[5]

### III. Indiana Double Jeopardy

■ The Indiana Constitution provides that "No person shall be put in jeopardy twice for the same offense." Ind. Const. Art. I, § 14. The Indiana Double Jeopardy Clause prohibits multiple convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind.1999).

■ Stroup contends that the trial court's failure to vacate her possession of a controlled substance convictions, in light of her obtaining a controlled substance by fraud or deceit conviction, violates the Double Jeopardy Clause of the Indiana Constitution. The State concedes this argument. Br. of Appellee at 8–9 (citing *Loman v. State*, 640 N.E.2d 745, 747 (Ind. Ct.App.1994)). Accordingly, we remand to the trial court to vacate Stroup's possession of a controlled substance convictions.

---

4. "Make" is defined as "to draw, prepare, complete, counterfeit, copy, or otherwise reproduce, or alter any written instrument in whole or in part." Ind.Code § 35–43–5–1($l$) (1998). "Utter" is defined as "to issue, authenticate, transfer, publish, deliver, sell, transmit, present, or use." Ind.Code § 35–41–1–27 (1998).

5. Although the uttering/presenting of Stroup's prescription certainly had an effect on Marion County, the making of Stroup's prescription did not—as Stroup could have presented her prescription in *any* Indiana County containing a pharmacy. *See Wurster v. State*, 715 N.E.2d 341, 350 (Ind.1999) (inadvertent consequences in another county may not support venue over an offence committed solely in one county).

## Conclusion

The trial court properly admitted Stroup's confession. However, Marion County was not the proper venue to charge Stroup with the "making" variant of forgery, and Stroup's possession of a controlled substance convictions violate the Double Jeopardy Clause of the Indiana Constitution.

Affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion.

BARNES, J., and CRONE, J., concur.