# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Aug 05 2014, 8:49 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUSTIN BLYTHE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1306-CR-228 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1204-FC-075

**August 5, 2014**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Dustin Blythe appeals his convictions for nine counts of forgery as class C felonies and falsely making a petition of nomination, a class D felony. Blythe raises four issues, which we revise and restate as follows:

I. Whether the trial court erred in denying his motion for judgment on the evidence with respect to Counts I through IX based on the State's evidence that he made the ballot petitions;

II. Whether the court erred in granting the State permission to make substantive amendments to the charging information.

III. Whether the court erred in denying his motion for judgment on the evidence with respect to Counts II through IX on the grounds the evidence does not support more than one criminal act of forgery; and

IV. Whether his conviction under Count X should be vacated on the basis that it is a lesser included offense of Counts I through IX.

We affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY

On April 2, 2012, the State filed information charging Blythe with nine counts of forgery as class C felonies under Counts I through IX, with each count relating to a different individual whose signature the State alleged Blythe forged, and falsely making a petition of nomination as a class D felony under Count X. Specifically, the State alleged under Counts I through IX that Blythe, "acting with intent to defraud, knowingly uttered a written instrument that purported to have been made by another person or by authority of one who did not give authority, by forging" election ballot petitions that included the apparent signatures of nine individuals where those individuals had not signed the petitions or given their authority for their signatures to be used on the petitions. Appellant's Appendix at 6-10. Under Count X, the State alleged that Blythe "knowingly

2

falsely made a petition of nomination for Presidential Candidate Barack Obama." Id. at 11.

A jury trial was held on April 22, 2013 through April 25, 2013.[1]  During opening statements, Blythe's counsel stated to the jury that Blythe was charged under Counts I through IX with "uttering forged documents," provided the definition of "utter" which meant "[t]o issue, to authenticate, to transfer, to publish, to sell, to transmit, present or use," and stated that the evidence would not show that Blythe "did any of those things with any petition."  Transcript at 374.  The State presented evidence and testimony that the purported signatures of nine individuals on ballot petitions for presidential candidate Barack Obama in St. Joseph County, Indiana, were not the signatures of the nine individuals and that none of the nine individuals had signed the petitions or given his or her authority for his or her signature to be used on the petitions.  The State presented further evidence that Democratic County Chairman Owen "Butch" Morgan, Blythe's co-defendant, instructed Blythe and other workers to copy the names and signatures appearing on a petition for a previous gubernatorial primary candidate onto petitions for Barack Obama, Hillary Clinton, or John Edwards.[2]  The State also presented the testimony of a handwriting expert regarding whether Blythe was the person who placed falsified signatures on the petitions.

---

[1] The State initially charged Blythe, Owen Morgan, Beverly Shelton, and Pam Brunette with crimes in connection with the forged petitions.  Blythe and Morgan were tried jointly, and Shelton and Brunette, who pled guilty, testified at the trial of Blythe and Morgan.

[2] One witness testified that "Morgan broke us down into teams based upon our affiliation with each candidate.  I was a Barack Obama supporter, so I was given to do Barack Obama's.  Ms. Shelton was a Hillary Clinton supporter, so she was given Hillary Clinton's.  Mr. Blythe was an Edwards supporter, so he was given John Edwards'."  Transcript at 386.

Following the presentation of the State's evidence, Blythe moved for judgment on the evidence on Counts I through IX and argued that "there's been absolutely no evidence presented in this trial that he uttered anything" or that "he aided, induced or caused any other person to utter a written instrument" and that "Counts I through IX are charged as they are charged, and there's been no evidence." Transcript at 840. The prosecutor argued "I think there is some evidence that [Blythe] signed those nine names . . . ." Id. The court denied the motion and stated that "the jury is going to have to determine whether or not that evidence is or constitute[s] uttering under the statute and in defining uttering under the law in general." Id. at 841. Blythe's counsel asked the court to reconsider its ruling, noted the definition of "utter" as it was "going to be instructed to the jury straight from the statute," argued that "there's simply been no evidence of any of those things," and contended that "[h]ad they charged Mr. Blythe with 'making' it, I wouldn't be making this motion and your ruling would be correct." Id. at 846. Blythe's counsel further argued "[w]hat [the prosecutor] said . . . in opposition to my motion, was the argument that the State had proven its case by making a forged instrument, and that's not what he's charged with. He's charged with 'uttering' it, and there's just no evidence on any of these other things that fit the definition." Id. at 846-847. The court indicated that its ruling did not change. Blythe then rested.

At a subsequent conference regarding jury instructions, Blythe's counsel argued:

On the definition of forgery your definition properly recites the statute, but I would request that you strike out the 'make' or 'utter,' because nobody is charged with making a forged instrument in regard to any forgery count in this case. All the charges against Mr. Morgan and with Mr. Blythe, speak to uttering. So I think since they are very distinct and separate definitions as to what it is to 'make' an instrument and what it is to 'utter' an

4

instrument, to put that in there would just lead to possible confusion for the jury where they might consider evidence of 'making' when they shouldn't be.

Id. at 873. The court indicated it would consider the argument over the evening. The prosecutor stated: "Judge on that point, I don't know if this will make it more or less confusing, but I'm going to move to amend on Counts I through IX, to conform to the evidence, and put knowingly 'made or uttered.'" Id. at 874. Blythe's counsel objected and argued: "From voir dire through opening and through all of my questioning the defense has been to the charges. So to go back again to the case and amend them would be incredibly prejudicial and unfair." Id. The court took the matter under advisement.

The following morning, the court asked whether "amending the information to include the words 'utter or make,' as opposed to just 'uttered,' prejudice the substantial rights of a defendant," and Blythe's counsel argued "it most certainly would," that he presented a defense, committed himself in voir dire and in his opening statement that the State would not be able to prove that he uttered a forged document, that he "went over the definition of what 'uttering' is," that the prosecutor "is just simply wrong if my only defense has been that [] Blythe didn't write these," that "I do believe that he did not write these things," and that he "went through with all of the people who were custodians of these records . . . if there was any evidence of any delivery, or any of the things that would constitute 'uttering.'" Id. at 901-902. Blythe's counsel argued "there has simply not been any evidence of that and the[y] know that, so now that they've failed to prove that, they want to change the entire theory of the case after we rested and they've rested. It's just simply not right to allow something like that." Id. at 902. The court stated that

the State's theory has been that Blythe engaged in acts of falsely copying names onto petitions that were later filed, and "the statute says, it is a disjunctive or alternative allegation as to the acts, means, intents, or results charged," and "based upon the evidence taken as a whole and all of that, I cannot as a matter of law find that an amendment of the charge has prejudiced the substantial rights of [] Blythe, and therefore I'm going to grant the State's motion to amend the charges from 'uttered' to 'utter or make.'" Id. at 909. Blythe's counsel then moved for a mistrial and argued that the State's theory as he understood it throughout the case had changed and impacted the defense. The court denied his motion.

In addition, Blythe's counsel made an offer of proof and offered an exhibit of a letter from the prosecutor to Blythe's counsel stating in part: "I am offering your client, Dustin Blythe, the following: Plead guilty to one count, to be treated as a misdemeanor, give a truthful statement to Indiana State Police and testify at the trials of others if necessary." Defendant's Exhibit 10. Blythe's counsel stated that the offer "was considered and discussed under the belief that the charges were what they were at the time" and argued the offer demonstrates he would be prejudiced by allowing the motion to amend the charges. Id. at 910-911. The jury returned verdicts of guilty on all ten counts against Blythe. On April 29, 2013, Blythe filed a motion for judgment on the evidence with respect to Counts II through X, requesting the court to dismiss Counts II through IX on the grounds that the evidence presented at trial could not support more than one criminal act of forgery and requesting the court to dismiss Count X on the basis

6

that it is a factually lesser included offense of the forgeries alleged in Counts I through IX.

At the beginning of Blythe's sentencing hearing,[3] the court denied his motion for judgment on the evidence. The court sentenced Blythe to four years for each of his convictions under Counts I through IX and eighteen months for his conviction under Count X, ordered the sentences to be served concurrently, and ordered the sentences to be suspended. The court ordered that Blythe be placed on probation for two years and that, as a term of probation, he serve one year at DuComb Center.

## DISCUSSION

We begin our analysis by addressing whether the court erred in allowing the State to amend its charging information after its presentation of evidence. Blythe contends in part that his substantial rights were violated when the court allowed the State to make substantive amendments and change the theory of prosecution on Counts I through IX to include a theory of forgery by "making" false documents after both the State and defense had rested. Appellant's Brief at 11. In support of his position, Blythe argues that the amendments to the charges were not immaterial as required under Ind. Code § 35-34-1-5(a), that he relied on the fact that he was charged with "uttering" as opposed to "making" false instruments in formulating his opening statement, his cross-examination, and his pre-trial preparations and negotiations, that the fact the amendments came after the close of evidence forced him to formulate a new defense strategy with only closing argument left at his disposal, and that "[t]he defense that he had committed himself to during his opening statement was suddenly gone." Id. at 12. In addition, Blythe argues

---

[3] A joint sentencing hearing was held in the cases for Blythe, Morgan, Shelton, and Brunette.

7

that, aside from basing his trial strategy on the State's inability to prove that he "uttered" false ballot petitions, he also rejected a pre-trial plea offer that would have resulted only in a misdemeanor conviction "[b]ecause [he] knew that he could not be found guilty of the forgery counts as they were charged" and that "[i]t is clear that the late amendments prejudiced [his] substantial rights in several ways, including his right to intelligently determine whether or not he should risk going to trial or accept a plea offer." Id. at 13-14. Blythe requests this court to reverse his convictions on Counts I through IX and to remand for resentencing on Count X only.

The State asserts that the amendments to Counts I through IX were authorized by statute and that "Blythe could not have suffered any prejudice in the preparation of his defense because the gravamen of the offense as set forth in the charging information was that [he] committed the charged crimes 'by forging an election ballot petition that included the apparent signature [of an individual][4] when [that individual][5] had not signed that petition or given his authority for his signature to be used on that petition'" and that, therefore, the amendments "did not alter the theory of the case or the identity of the crime charged." Appellee's Brief at 8-9 (quoting Transcript at 906).

Whether an indictment or information may be amended after the commencement of trial depends upon whether the amendment is one of form or substance. An amendment of substance is not permissible after trial has commenced. See Ind. Code § 35-34-1-5(b). After the commencement of trial, the court may "permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form

---

[4] Brackets and bracketed text is shown in the State's brief.

[5] Brackets and bracketed text is shown in the State's brief.

8

which does not prejudice the substantial rights of the defendant."  Ind. Code § 35-34-1-5(c).

"A defendant's substantial rights 'include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights.'"  Erkins v. State, ___N.E.2d ____, ___ (Ind. July 22, 2014) (citing Gomez v. State, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), trans. denied).  "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges."  Id. (citing Sides v. State, 693 N.E.2d 1310, 1313 (Ind. 1998), abrogated on other grounds by Fajardo v. State, 859 N.E.2d 1201, 1206-1207 (Ind. 2007)).

> [A]n amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form.  And an amendment is one of substance only if it is essential to making a valid charge of the crime.

Fajardo, 859 N.E.2d at 1207 (quoting McIntyre v. State, 717 N.E.2d 114, 125-126 (Ind. 1999)).  "Whether an amendment is a matter of substance or form is a question of law, which we review *de novo*."  Gibbs v. State, 952 N.E.2d 214, 221 (Ind. Ct. App. 2011), trans. denied.

Ind. Code § 35-43-5-2(b) provides that a person who, "with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority; commits forgery, a Class C felony."  The

9

original information for Counts I through IX, with the individuals whose names were forged redacted, alleged that Blythe, "acting with intent to defraud, knowingly uttered a written instrument that purported to have been made by another person or by authority of one who did not give authority, by forging an election ballot petition that included the apparent signature for [names redacted], when [he/she] had not signed that petition or given [his/her] authority for [his/her] signature to be used on that petition." Appellant's Appendix at 6-10. The counts as amended and read to the jury as part of the final jury instructions alleged that Blythe "did knowingly *make or* utter a written instrument . . . ." Transcript at 1150-1153 (words inserted pursuant to the State's amendment emphasized). According to Ind. Code § 35-31.5-2-345, "'Utter' means to issue, authenticate, transfer, publish, deliver, sell, transmit, present, or use."[6] Ind. Code § 35-31.5-2-191 provides that "'Make', for purposes of IC 35-43-5, has the meaning set forth in IC 35-43-5-1(m)." In turn, Ind. Code § 35-43-5-1(m) provides: "'Make' means to draw, prepare, complete, counterfeit, copy or otherwise reproduce, or alter any written instrument in whole or in part."

Blythe's defense throughout his trial was that he neither made nor uttered the ballot petitions in question. Our review of the record reveals that the amendment of Counts I through IX to include the term "make" did not alter Blythe's defense strategy,

---

[6] Blythe maintains there was no evidence offered at trial to show that he uttered a forged instrument. The bulk of Blythe's argument as to whether he uttered a written instrument is based on the premise that he did not deliver or present a forged instrument to Indiana's election division. We recognize that past decisions have made a distinction between the acts of uttering and making a forged instrument. See Jordan v. State, 502 N.E.2d 910, 914 (1987); Sanford v. State, 255 Ind. 542, 265 N.E.2d 701 (1971); Stroup v. State, 810 N.E.2d 355, 360 (Ind. Ct. App. 2004). However, our supreme court has not dealt with a case that centered on whether a forged instrument was "used"—a term which may apply to a broader range of activities than other terms within the statutory definition of "utter." That said, the circumstances of this case and our resolution of it do not require us to discern the meaning of "use" under the statute defining "utter."

which continued to be that he neither made nor uttered a written instrument. We observe that Count X alleged that Blythe knowingly falsely made a petition for nomination, and the petition referenced in Count X was based on the same act as one of the forgery counts. In his opening statement, Blythe's counsel stated that there would be insufficient evidence presented at trial to prove that Blythe falsely made the petition for nomination. Specifically, he argued that the State's handwriting expert could not identify Blythe's signature on the ballots and that not a single person actually observed Blythe place any names on any petition. During the trial, Blythe's counsel thoroughly questioned the State's handwriting expert on cross-examination regarding whether Blythe was the person who placed falsified signatures on the ballot petitions. He questioned the expert witness regarding her findings, the relative strength of the findings, the features and criteria she assessed when comparing the signatures at issue with a writing sample of Blythe, the various limitations she encounters in conducting a handwriting examination, her opinion that there was strong evidence to suggest that it was probable that Blythe was the writer of an entry, and a study related to the likelihood of incorrect identifications. This defense is precisely the defense that would have been presented had Counts I through IX initially contained the charge that Blythe committed forgery by making as well as uttering the written instruments. Based upon our review of the record, Blythe was able to present an appropriate defense to the amended charges and in fact did so from the commencement of his trial. See Erkins, ___N.E.2d at ___, ___ (Ind. July 22, 2014) (holding that, based on the evidence available to the defendant before trial, it would have come as no surprise to him that the State would attempt to prove that the defendant's co-

11

conspirator performed the alleged surveillance and not the defendant as stated in the charging information, that the mistaken charging information would not have affected the defendant's ability to prepare his defense, and that the court did not err in permitting the State's amendment). Accordingly, his substantial rights were not prejudiced by the trial court's order granting the State's motion to amend the charging information. Blythe had "a reasonable opportunity to prepare for and defend against the charges." See Sides, 693 N.E.2d at 1313. Because we conclude the trial court did not err in granting the State's motion to amend the information for Counts I through IX to include the allegation that Blythe made the petitions at issue, we need not address whether the court erred in denying his motion for judgment on the evidence when the State rested on the basis that the evidence was insufficient to show that he uttered the ballot petitions.

We next address Blythe's argument that the trial court erred in denying his April 29, 2013 motion for judgment on the evidence with respect to Counts II through IX on the grounds the evidence could not support more than one criminal act of forgery. In support of his argument, Blythe cites to Wiseman v. State, in which the Indiana Supreme Court observed that seven stolen checks were all presented to a bank at the same time, on the same date, to the same person, and were all listed on one deposit slip and held that the conduct of the appellant supported a single count of forgery and that the appellant was erroneously subjected to forgery convictions on multiple counts. 521 N.E.2d 942, 946 (Ind. 1988), reh'g denied. In this case, Blythe was convicted of nine counts of forgery, with each count related to a different falsified signature, but all sharing the common intent to defraud, namely, to obtain the approval of the ballot petitions for a presidential

candidate. The charging information alleged that the offenses occurred on or about January and February 2008. The evidence reveals that the falsified signatures were placed on the ballot petitions during a relatively short period of time in St. Joseph County and the placement of the falsified signatures was performed for a single purpose. We conclude that the trial court erred in finding that Blythe's actions did not constitute a single act of forgery. Accordingly, we remand with instructions that the trial court vacate Blythe's convictions for forgery under Counts II through IX. See id. at 946-947 (holding the appellant was erroneously subjected to forgery convictions on multiple counts and remanding to the trial court for resentencing to reflect conviction of just one count of forgery).

Finally, with respect to Blythe's argument that the trial court erred in failing to dismiss Count X on the basis that it is a factually lesser included offense of the forgeries alleged in Counts I through IX, we observe that the State does not contest this issue. The State provides in its brief that, "[a]s the special prosecutor pointed out to the jury, the 'same evidence' used to prove Blythe had committed Counts I through IX was sufficient to establish Count X" and that "[t]herefore, because Blythe's conviction on Count X was based on the same act as one of the forgery counts, the State does not contest Blythe's challenge to his conviction on Count X." Appellee's Brief at 10-11. We remand with instructions to vacate Blythe's conviction for falsely making a petition of nomination under Count X.

CONCLUSION

For the foregoing reasons, we affirm Blythe's conviction under Count I and remand with instructions to vacate his convictions under Counts II through X.

Affirmed in part, reversed in part, and remanded.

ROBB, J., and BRADFORD, J., concur.