Anthony David CUYLER, Sr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A03–0304–CR–142.

Court of Appeals of Indiana.

Nov. 3, 2003.

---

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Anthony David Cuyler, Sr., appeals his sentence for criminal recklessness as a class A misdemeanor[1] and resisting law enforcement as a class A misdemeanor.[2] Cuyler raises one issue, which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing Cuyler; and

II. Whether Cuyler's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

The relevant facts follow. On June 16, 2002, after an argument with his wife, Cuyler pulled out of the driveway in his car and spun his tires. The tires threw rocks into the air, and the rocks hit Cuyler's son causing red marks and welts. The police later stopped Cuyler's vehicle and told Cuyler that he was under arrest. Cuyler tried to pull away from the officers and refused to stop smoking his cigarette. The officers placed Cuyler on the ground and handcuffed him.

The State charged Cuyler with battery resulting in bodily injury to a child as a class D felony[3] and resisting law enforcement as a class A misdemeanor. Cuyler pleaded guilty to criminal recklessness as a class A misdemeanor and resisting law enforcement as a class A misdemeanor. In exchange for his guilty plea, the State dismissed the battery resulting in bodily injury to a child as a class D felony charge and probation violation allegations in a separate matter. At the sentencing hearing, the trial court considered Cuyler's criminal history, which consisted of juvenile referrals for curfew violations, possession of marijuana, possession of paraphernalia, disorderly conduct, obstruction of traffic, and refusal to aid an officer and adult convictions for possession of a controlled substance as a class D felony and possession of marijuana as a class D felony. The trial court also noted that Cuyler was not a suitable candidate for probation because of prior probation violations. The trial court stated that it took "into consideration the fact that [Cuyler] plead guilty in the rendition of [its] sentence and that [Cuyler] ... made a statement in open court expressing remorse." Transcript at 39. However, the trial court found that consecutive sentences were appropriate because the convictions were based upon "separate offenses" and because of Cuyler's "prior history." *Id.* The trial court then sentenced Cuyler to one year of imprisonment on each conviction with the sentences to be served consecutively.

---

1. Ind.Code § 35–42–2–2 (1998) (subsequently amended by Pub.L. No. 1–2003, § 94, eff. April 2, 2003).

2. Ind.Code § 35–44–3–3 (1998).

3. Ind.Code § 35–42–2–1 (Supp.2002) (subsequently amended by Pub.L. No. 175–2003, § 2, Pub.L. No. 175–2003, § 4, eff. July 1, 2003).

## I.

■ The first issue is whether the trial court abused its discretion in sentencing Cuyler. Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State,* 705 N.E.2d 173, 175 (Ind.1998).

■ Cuyler argues that "it is not at all apparent that the trial court actually balanced the aggravators against the mitigators." Appellant's Brief at 4. Cuyler in effect argues that the trial court did not place enough emphasis upon Cuyler's remorse, guilty plea, and job. We begin by noting that a trial court is not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on a misdemeanor conviction. *Stewart v. State,* 754 N.E.2d 608, 613 (Ind. Ct.App.2001). Although our felony statutes contain a presumptive sentence that may be enhanced or reduced, our misdemeanor statutes do not establish a presumptive sentence but only state the maximum allowable sentence. *Id.* at 612. "Without a presumptive sentence from which to start, trial courts have nothing to enhance or reduce." *Id.* Ind.Code § 35-38-1-2 requires trial courts to articulate aggravating and mitigating circumstances only in felonies. *Id.* The statute excludes misdemeanor sentencing by implication. *Id.* Thus, the trial court here was not required to articulate and balance aggravating and mitigating circumstances before imposing Cuyler's sentence.

■ However, Ind.Code § 35-50-1-2, which provides that the trial court "shall determine whether terms of imprisonment shall be served concurrently or consecutively," does not distinguish between felony and misdemeanor sentences. Our supreme court has held that "[i]n order to impose consecutive sentences, a trial court must find at least one aggravating circumstance." *Ortiz v. State,* 766 N.E.2d 370, 377 (Ind.2002). Moreover, if a trial court imposes consecutive sentences when not required to do so by statute, the trial court must explain its reasons for selecting the sentence imposed, including: (1) the identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Id.* Thus, the trial court was required to articulate and balance the aggravators and mitigators in imposing a consecutive sentence.

As noted above, Cuyler argues that the trial court did not place enough emphasis upon his remorse, guilty plea, and job. In sentencing Cuyler, the trial court considered Cuyler's significant criminal history, prior probation violations, remorse and guilty plea. Transcript at 39. The trial court found that consecutive sentences were appropriate because the convictions were based upon "separate offenses" and because of Cuyler's "prior history." *Id.*

■ As for Cuyler's remorse and guilty plea, the trial court did not abuse its discretion by not assigning significant weight to these mitigators. The trial court is not "required to give the same weight to proffered mitigating factors as the defendant does." *Gross v. State,* 769 N.E.2d 1136, 1140 (Ind.2002). Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State,* 749 N.E.2d 36, 38 (Ind.2001). Although Cuyler told the trial court during the sentencing hearing that he was sorry that he "let this happen" and lost his temper, during the guilty plea hearing Cuyler was "smiling" and still

blaming others for his actions. Transcript at 27, 37. We cannot say that Cuyler's remorse at the sentencing hearing is a mitigating factor entitled to significant weight. Additionally, a guilty plea is not automatically a significant mitigating factor. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). In *Sensback*, our supreme court held that the defendant "received benefits for her plea adequate to permit the trial court to conclude that her plea did not constitute a significant mitigating factor." *Id.* Here, Cuyler pleaded guilty to two class A misdemeanors rather than the class D felony and class A misdemeanor with which he was charged. The State also dismissed probation revocation proceedings in another matter as part of the plea agreement. Thus, Cuyler received benefits for his guilty plea adequate for the trial court to conclude that his guilty plea was not a significant mitigating factor.

■ As for Cuyler's job, the trial court did not identify this proposed mitigator as a consideration in its decision. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind.1999). We cannot say that Cuyler's job, which he had held for only three months at the time of sentencing, was a significant mitigator sufficient to outweigh his criminal history. As a result, the trial court did not abuse its discretion by not giving more weight to Cuyler's proposed mitigating factors. *See, e.g., Warlick v. State*, 722 N.E.2d 809, 813–814 (Ind.2000) (holding that the trial court did not abuse its discretion when it rejected the defendant's proposed mitigating factors and gave aggravating factors considerable weight in balancing the aggravating factors and mitigating factors). Consequently, the trial court did not abuse its discretion in sentencing Cuyler.

## II.

■ The next issue is whether Cuyler's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Cuyler argues that his sentence is inappropriate because he pleaded guilty, he expressed remorse, he had a good job, and his criminal history is not particularly egregious. Cuyler requests that we impose one-year concurrent sentences.

Our review of the nature of the offense reveals that Cuyler placed his four-year-old son at risk when he spun the tires on his vehicle after arguing with his wife. The tires threw rocks into the air, and the rocks hit Cuyler's son and caused red marks and welts. Additionally, when the police attempted to arrest Cuyler, he tried to pull away from the officers and refused to stop smoking his cigarette.

We next consider the character of the offender. Although Cuyler pleaded guilty, expressed remorse, and had been working at a job for three months at the time of sentencing, Cuyler has a criminal history consisting of juvenile referrals for curfew violations, possession of marijuana, possession of paraphernalia, disorderly conduct, obstruction of traffic, and refusal to aid an officer and adult convictions for possession of a controlled substance as a class D felony and possession of marijuana as a class D felony. Cuyler also has probation violations for failure to comply with alcohol/substance abuse treatment recommendations, failure to have employment, and having positive urine screens. Moreover, Cuyler's failure to control his anger in front of his child certainly does not set a

good example or say much for his character.

After due consideration of the trial court's decision, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender. *See, e.g., Booker v. State*, 790 N.E.2d 491, 497 (Ind.Ct.App.2003) (concluding that the defendant's sentence was not inappropriate), *trans. denied.*

For the foregoing reasons, we affirm Cuyler's sentence for criminal recklessness as a class A misdemeanor and resisting law enforcement as a class A misdemeanor.

Affirmed.

BROOK, C.J., and BAKER, J., concur.