Joseph T. **GAERTE**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 69A01–0312–CR–510.

Court of Appeals of Indiana.

May 17, 2004.

Transfer Denied July 8, 2004.

---

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Joseph T. Gaerte appeals his conviction after a bench trial of criminal mischief, a Class B misdemeanor.[1] He raises two issues:

1. Whether the evidence was sufficient to support his conviction; and

2. Whether his sentence was appropriate.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Gaerte and Chris Savage were inmates at the Ripley County Jail. After the two argued, Gaerte was put in an isolation cell.

---

1. Ind.Code § 35–43–1–2.

Gaerte was angry, and he either head-butted the window in the cell or slammed the door with sufficient force to break the window. Gaerte wrote to the Sheriff acknowledging he had broken the window and offering to pay for the damage.

Gaerte was convicted of criminal mischief and sentenced to 180 days imprisonment.

## DISCUSSION AND DECISION

### 1. *Sufficiency of the Evidence*

■ Gaerte argues he broke the window without criminal intent; as a result, he claims, the State has failed to prove he is guilty of criminal mischief.

■ In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Rogers v. State*, 741 N.E.2d 395, 396 (Ind. Ct.App.2000), *reh'g denied, trans. denied* 753 N.E.2d 16 (Ind.2001). When a conviction is based on circumstantial evidence, we will not disturb the verdict if the fact-finder could reasonably infer from the evidence presented that the defendant is guilty beyond a reasonable doubt. *Id.* The circumstantial evidence need not overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

■ Intent is a mental function. Absent an admission by the defendant, it must be determined from consideration of the defendant's conduct and the natural and usual consequences thereof. *Lush v. State*, 783 N.E.2d 1191, 1196 (Ind.Ct.App. 2003). The trier of fact must resort to reasonable inferences based on an exami-nation of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences of what might be expected from that conduct, there is a showing or inference of the intent to commit that conduct. *Id.*

In order to prove Gaerte guilty of criminal mischief as a Class B misdemeanor, the State had to prove Gaerte:

(1) recklessly, knowingly, or intentionally damage[d] or deface[d] property of another person without the other person's consent; or

(2) knowingly or intentionally cause[d] another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person.

Ind.Code § 35–43–1–2.

"A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind.Code § 35–41–2–2(c). Gaerte testified he was mad when he was put in the cell and he slammed the door. Officer Dennis Pippin testified Gaerte told him he broke the window by head-butting it. Regardless of how the window was broken, Gaerte was angry when it was broken. His means of expressing his anger was a substantial deviation from an acceptable standard of conduct. In light of Gaerte's conduct and the natural consequences of what might be expected from that conduct, we cannot characterize as unreasonable the trial court's inference that Gaerte was reckless.

### 2. *Sentencing*

■ The trial court sentenced Gaerte to 180 days, the maximum allowable under the statute. Ind.Code § 35–50–3–3.

Gaerte notes he apologized immediately after the window was broken and he has continued to offer to make restitution. Because the trial court did not take into account this evidence of his remorse, Gaerte argues, it erred in imposing on him the maximum allowable sentence.

A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State*, 782 N.E.2d 398, 416 (Ind.Ct.App.2003), *reh'g denied*, *trans. denied* 792 N.E.2d 47 (Ind.2003). "A person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than one hundred eighty (180) days." Ind.Code § 35–50–3–3. The trial court has discretion to determine the length of the sentence based on a balancing of the factors that must be considered

pursuant to Ind.Code § 35–38–1–7.1(a)[2] together with any discretionary aggravating and mitigating factors found to exist. *See* Ind.Code § 35–38–1–7.1(b) (listing possible aggravating factors); Ind.Code § 35–38–1–7.1(c) (listing possible mitigating factors); *and* Ind.Code § 35–38–1–7.1(d) (noting court may consider other matters in determining the sentence).[3]

■ Gaerte has a lengthy criminal history and was in fact being sentenced on a conversion charge at the same time he was sentenced for the criminal mischief charge. Even if the trial court had taken Gaerte's remorse into consideration, "[a] trial court is not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on a misdemeanor conviction." *Cuyler v. State*, 798 N.E.2d 243, 246 (Ind.Ct.App.2003), *trans.*

**2.** That section provides:

  (a) In determining what sentence to impose for a crime, the court shall consider:

    (1) the risk that the person will commit another crime;

    (2) the nature and circumstances of the crime committed;

    (3) the person's:

      (A) prior criminal record;

      (B) character; and

      (C) condition;

    (4) whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age;

    (5) whether the person committed the offense in the presence or within hearing of a person who is less than eighteen (18) years of age who was not the victim of the offense;

    (6) whether the person violated a protective order issued against the person under IC 31–15, IC 31–16, or IC 34–26–5 (or IC 31–1–11.5, IC 34–26–2, or IC 34–4–5.1 before their repeal); and

    (7) any oral or written statement made by a victim of the crime.

**3.** There is no presumptive sentence established for misdemeanor convictions, and a trial court is not required to articulate and balance aggravating and mitigating circum-

stances before imposing sentence on a misdemeanor conviction. *Cuyler v. State*, 798 N.E.2d 243, 246 (Ind.Ct.App.2003). We noted in *Cuyler* that our felony statutes contain presumptive sentences that may be enhanced or reduced; our misdemeanor statutes, by contrast, do not establish a presumptive sentence but state only the maximum allowable sentence. *Id.* We opined that without a presumptive sentence from which to start, trial courts have nothing to enhance or reduce. *Id.* For that reason, the statutes *require* trial courts to articulate aggravating and mitigating circumstances only in felonies.

However, it is apparent that trial court consideration of aggravating and mitigating circumstances when determining a misdemeanor sentence is both permissible and appropriate. Ind.Code § 35–38–1–7.1, which lists the factors a court "may consider ... as aggravating circumstances" and "may consider ... as mitigating circumstances" refers generally to "crimes"—it is not, by its own terms, limited to felony sentencing. Rather, a number of the crimes explicitly mentioned in that section are misdemeanors. It is therefore apparent the legislature contemplated aggravating and mitigating circumstances might be taken into account in misdemeanor sentencing.

*denied.* Given his lengthy criminal history, we cannot find Gaerte's sentence inappropriate. *See, e.g., McConnell v. State,* 540 N.E.2d 100, 104 (Ind.Ct.App.1989) (holding two consecutive one-year sentences for Class A misdemeanor convictions were not manifestly unreasonable in light of defendant's criminal history).

Affirmed.

VAIDIK, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur that the evidence was adequate to establish that Gaerte acted recklessly and that therefore affirmance of his Class B misdemeanor conviction for Criminal Mischief is in order.

The majority opinion correctly observes that there is no presumptive sentence established for misdemeanor convictions. For this reason, also acknowledged by the majority, a balancing of aggravating and mitigating factors is not required in order to impose the maximum sentence. I agree, however, that a trial court in imposing a maximum misdemeanor sentence may, and perhaps should, set forth the reasons for imposing the maximum. That statement would seem to invite a consideration of what, in the context of felonies are denoted as aggravating and mitigating circumstances.

Nevertheless, I disagree with the majority's conclusion that the maximum sentence of 180 days is appropriate. I find Gaerte's clear expression of remorse and willingness to pay for the broken window to be significant despite the existence of his criminal record. For this reason I

would remand with instructions to reduce the sentence imposed to 90 days.