Jerry SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0503–PC–215.

Court of Appeals of Indiana.

Oct. 20, 2005.

---

Stephenie K. Gookins, Campbell Kyle Proffitt LLP, Noblesville, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Jerry Smith appeals his conviction for class B felony dealing in a narcotic drug. We affirm.

### Issue

Smith raises one issue, which we restate as whether the State presented sufficient evidence to establish venue in Hamilton County.

### Facts and Procedural History

On June 20, 2001, Shelly Morris, an informant for the Hamilton–Boone County Drug Task Force, telephoned Smith several times to set up a drug deal. Smith agreed to assist Morris in purchasing heroin from a drug dealer in Indianapolis. According to their agreement, Smith would help Morris obtain four bindles of heroin, each costing thirty dollars, with Smith receiving one bindle for his efforts. Morris picked up Smith, his girlfriend, and a small child at Smith's apartment in Noblesville, Hamilton County. The party briefly stopped at a gas station in Hamilton County, where Morris put gas in her truck and gave Smith two hundred dollars to purchase the heroin. They then proceeded to a house in Indianapolis, Marion County, to pick up the heroin.

Upon their arrival, Smith and the child went into the house while Morris and Smith's girlfriend waited in the truck. Approximately fifteen minutes later, Smith and the child returned to the car, and Smith handed Morris three bindles of heroin. The party drove to a Taco Bell in Indianapolis, where Smith used his heroin. Afterward, they stopped at a Noblesville gas station to buy the child a drink before Morris dropped them off at Smith's apartment.

On October 23, 2001, the State charged Smith with dealing in a narcotic drug and conspiracy to commit dealing in a narcotic drug, both class B felonies. On July 16, 2003, Smith pleaded guilty to conspiracy to commit dealing in a narcotic drug, and the State agreed to dismiss the other charge. On August 21, 2003, Smith failed to appear for sentencing pursuant to the plea agreement, and the State obtained a warrant for Smith's re-arrest. On December 21, 2003, the State and Smith moved to withdraw the plea agreement. On January 22, 2004, the trial court agreed to withdraw Smith's

plea of guilty and reinstate a plea of not guilty. The State pursued only the charge of class B felony dealing in a narcotic drug. On March 8, 2004, a jury trial was held. At the conclusion of the State's evidence, Smith moved for dismissal of the charge based on the State's failure to establish venue in Hamilton County. The trial court denied the motion. On March 9, 2004, a jury found Smith guilty as charged. Smith appeals.

### Discussion and Decision

Smith contends that the State failed to establish that venue in Hamilton County was proper. Initially, we note that Article 1, Section 13 of the Indiana Constitution states, "In all criminal prosecutions, the accused shall have the right to a public trial ... in the county in which the offense shall have been committed." *See* Ind.Code § 35–32–2–1(a)(1998). Venue is not an element of the offense. *Alkhalidi v. State,* 753 N.E.2d 625, 628 (Ind.2001). Accordingly, the State is required to prove venue by a preponderance of the evidence rather than beyond a reasonable doubt. *Id.* If the defendant challenges venue at the conclusion of the State's case, the question becomes one of the sufficiency of the evidence supporting the conclusion that the defendant was tried in the proper county. *Kindred v. State,* 540 N.E.2d 1161, 1166 (Ind.1989). This Court treats a claim of insufficient evidence of venue in the same manner as other claims of insufficient evidence. *Chavez v. State,* 722 N.E.2d 885, 895 (Ind.Ct.App.2000). We neither reweigh the evidence nor assess witness credibility and look only to the evidence and the reasonable inferences drawn therefrom which support the conclusion of requisite venue. *Id.*

Smith's argument that the State failed to prove venue in Hamilton County relies on the fact that he physically handed over the heroin to Morris in Marion County and not in Hamilton County. Smith was convicted pursuant to Indiana Code Section 35–48–4–1(a)(1), which provides in relevant part, "A person who knowingly or intentionally *delivers* a narcotic drug, classified in schedule I, commits dealing in a narcotic drug, a Class B felony." (Emphasis added.) Indiana Code Section 35–48–1–11 defines delivery as:

(1) an actual or constructive transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship; *or*

(2) the organizing or supervising of an activity described in subdivision (1).

(Emphasis added.)

Smith's argument focuses solely on the actual transfer of the heroin, whereas the element of "delivery" may also be satisfied by "organizing or supervising" the transfer of a controlled substance. Ind.Code § 35–48–1–11(2). To that end, the State presented evidence that Smith offered his services to Morris in Hamilton County, procured the help of another dealer while in Hamilton County, and collected the money to buy the heroin in Hamilton County. Smith directed Morris throughout the entire process. While Smith had to drive to Marion County to obtain the heroin and physically handed the heroin to Morris in Marion County, that does not preclude venue in Hamilton County. Concurrent venue is possible when elements of the crime are committed in more than one county. *Baugh v. State,* 801 N.E.2d 629, 632 (Ind.2004). Accordingly, we conclude that the evidence is sufficient to establish venue in Hamilton County.

Contrary to Smith's assertion, *Stroup v. State,* 810 N.E.2d 355 (Ind.Ct.App.2004), does not provide support for his argument that all the essential elements for dealing in a narcotic drug were performed in Marion County. We vacated the defendant's

forgery conviction in *Stroup* because the defendant committed all the elements of the crime, including the requisite mens rea, in Hamilton County and none of the elements in Marion County. *Id.* at 360; *see* Ind.Code § 35–43–5–2(1) ("a person who, with the intent to defraud, makes or utters a written instrument"). Thus, the holding in *Stroup* is not contrary to our decision here where we have determined that some of the elements of the crime were committed in Hamilton County. We also disagree with Smith's claim that *Culbertson v. State,* 792 N.E.2d 573, 577 (Ind. Ct.App.2003), *trans. denied,* dictates that "delivery" may be defined as organizing or supervising, as provided in Indiana Code Section 35–48–1–11(2), only in cases where a defendant directs a third party to sell the narcotic. The statute is written in the disjunctive, and therefore delivery may be defined under either section (1) or section (2).

Based on the foregoing, we conclude that the State presented sufficient evidence to establish venue in Hamilton County.

Affirmed.

NAJAM, J., and BARNES, J., concur.