## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 7:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Lebron,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2015

Court of Appeals Case No.
49A04-1409-CR-451

Appeal from the Marion Superior Court; The Honorable Clayton Graham, Judge;
49G17-1305-CM-32857

**May, Judge.**

[1] Richard Lebron appeals his convictions of Class A misdemeanor domestic battery[1] and Class A misdemeanor criminal mischief.[2] As there was sufficient evidence to support his convictions, we affirm.

## Facts and Procedural History

[2] On May 19, 2013, Lebron and Lelis Arevalo had been dating and living together for five years and Arevalo was six months pregnant with their second child. Lebron came home drunk in the early morning. He jumped on Arevalo and started tickling her. When Arevalo did not respond positively, Lebron yelled at her, pulled her by her legs, picked her up from the bed, and threw her against the TV stand. Arevalo was injured when her back hit the corner of the stand. Arevalo tried to run downstairs to leave, but Lebron followed her outside. Lebron then went to Arevalo's car, pulled out a car battery from the trunk and slammed it down on the rear window of the car, shattering the window. Arevalo went to a neighbor's house and called the police.

[3] Officer Michael Hegg, an Indianapolis Metropolitan Police Officer, was dispatched to Lebron and Arevalo's apartment in the Spanish Hill apartment complex at 10378 Governours Lane. Officer Hegg photographed Arevalo's injuries and the damage to her car. One of the photographs shows the license plate on Arevalo's car, which contains county code 49 for Marion County.

---

[1] Ind. Code § 35-42-2-1.3 (2012).

[2] Ind. Code § 35-43-2-1 (2007).

[4] The State charged Lebron with Class A misdemeanor domestic battery, Class A misdemeanor battery,[3] and Class A misdemeanor criminal mischief. The day before Lebron's trial, he drove Arevalo to work and pressured her to change her story. When Arevalo stated that she did not "want to change up the story because it didn't make . . . sense," (Tr. at 54), Lebron started punching the steering wheel. That scared Arevalo, and she thought she had to change her story to stay safe. When she spoke to Lebron's attorney later that day, she told him nothing had happened on May 19, 2013.

[5] Following a bench trial at which Arevalo testified about the events of May 19, 2013, the court found Lebron guilty of all three crimes. The court merged the battery finding into the domestic battery and entered convictions of Class A misdemeanor domestic battery and Class A misdemeanor criminal mischief.

## Discussion and Decision

[6] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction

---

[3] Ind. Code § 35-42-2-1 (2009).

unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

## *Venue*

[7] Lebron challenges the sufficiency of the evidence to establish the venue of the incident. To try Lebron in Marion County, the State had to prove by a preponderance of the evidence that Lebron committed his crimes in Marion County. *See Smith v. State*, 835 N.E.2d 1072, 1074 (Ind. Ct. App. 2005) (State is required to prove venue by a preponderance of the evidence).

[8] Officer Hegg testified he was dispatched to the Spanish Hill apartment complex at 10378 Governours Lane, where he met Arevalo. The trial court could take judicial notice that Governours Lane is in Marion County. *See Orman v. State*, 332 N.E.2d 818, 819 (Ind. Ct. App. 1975) (court permitted to take notice that address is within county); *see also* Ind. Evid. R. 201 (the court may judicially notice a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). Officer Hegg took photographs of Arevalo's injuries and one of the photos showed Arevalo's license plate, which contains the county number 49 for Marion County. This evidence demonstrates by a preponderance of the evidence that the crimes occurred in Marion County.

## Domestic Battery

[9] To convict Lebron of Class A misdemeanor domestic battery, the State had to prove he and Arevalo had a child in common and he knowingly or intentionally touched Arevalo in a rude, insolent or angry manner. Ind. Code § 35-42-2-1.3(a) (2012). Lebron argues the evidence is insufficient to support his conviction because Arevalo told Lebron's counsel the day before trial that nothing had happened between her and Lebron on May 19, 2013. However, Arevalo testified she changed her story when talking to Lebron's counsel because Lebron pressured her and started punching the steering wheel when she did not agree to change her story. The trier of fact is the sole judge of the credibility of the witnesses and we cannot second-guess its decision to find Arevalo credible. *See Drane*, 867 N.E.2d at 146 (appellate court cannot judge credibility of witnesses).

[10] The trial court heard evidence that Arevalo and Lebron had lived together for five years and have a child together. Lebron pulled Arevalo by her legs, picked her up and threw her against the TV stand. Photographs taken by Officer Hegg showed injuries to Arevalo's neck and back. That was evidence from which the court could infer Lebron acted knowingly or intentionally in a rude, insolent, or angry manner. There is sufficient evidence to support Lebron's domestic battery conviction. *See Williams v. State*, 798 N.E.2d 457, 459 (Ind. Ct. App. 2003) (testimony of victim sufficient to support conviction of domestic battery).

## *Criminal Mischief*

[11] To convict Lebron of Class A misdemeanor criminal mischief, the State had to prove he recklessly, knowingly or intentionally broke Arevalo's car window without her consent. *See* Ind. Code § 35-43-1-2 (2007) (person who recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent commits criminal mischief).

[12] Lebron again argues the evidence is insufficient to support his conviction of criminal mischief in light of Arevalo's changed story; however, we again decline to second-guess the trier of fact's decision to find Arevalo credible. *See Drane, 867 N.E.2d at 146* (appellate court cannot judge credibility of witnesses).

[13] Arevalo testified Lebron pulled a car battery from her trunk and used it to break the rear window. Officer Hegg photographed the damage to the rear window of Arevalo's car. The court could infer from that evidence that Lebron knowingly and intentionally broke Arevalo's car window without her consent. *See Gaerte v. State*, 808 N.E.2d 164, 166 (Ind. Ct. App. 2004) (evidence Gaerte broke a window by head-butting it sufficient to support conviction of criminal mischief).

[14] Finally, Lebron challenges the entry of his criminal mischief conviction as a Class A misdemeanor, rather than as a Class B misdemeanor. When Lebron committed the offense, criminal mischief was a Class A misdemeanor if there was pecuniary loss of at least $250.00 but less than $2,500.00. Ind. Code § 35-43-1-2 (2007). The court had entered a restitution order pursuant to an agreement to withhold prosecution that Lebron entered with the State on

August 27, 2013. The restitution order indicated Lebron had to pay Arevalo $337.00. The court was permitted to take notice of its own case file as it determined whether that element had been proven. *See* Ind. Evid. R. 201 (the court may judicially notice court records). There is sufficient evidence to support Lebron's conviction of Class A misdemeanor criminal mischief.

## *Conclusion*

[15] Evidence of Arevalo's Marion County license plate and the address where the incident occurred was sufficient to permit venue in Marion County, and there was sufficient evidence Lebron knowingly or intentionally touched Arevalo in a rude, insolent or angry manner and caused over $250 in damage to Arevalo's car window. We accordingly affirm.

[16] Affirmed.

Robb, J., and Mathias, J., concur.