## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wenston Watson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 30, 2015

Court of Appeals Case No.
03A01-1501-CR-15

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1307-FC-4042
03D01-1301-FC-2230
03D01-1403-FD-1132
03D01-1404-FD-1688
03D01-1104-CM-3445

**Vaidik, Chief Judge.**

# Case Summary

[1] While on probation for two prior offenses, Wenston Watson was charged with four felonies and a misdemeanor under three new cause numbers, resulting in a petition to revoke his probation. Watson and the State entered a plea agreement that disposed of all five causes. Watson now appeals his sentence, arguing the trial court abused its discretion by not finding two mitigating factors: his guilty plea and undue hardship to his dependent children. Finding the record reflects that Watson pled guilty as part of a plea agreement which provided adequate benefits to him, and that the record does not reflect an undue burden on his dependent children, we affirm the trial court's sentence.

# Facts and Procedural History

[2] While Watson was on probation for cause numbers 03D01-1404-FD-1688 ("FD-1688"), and 03D01-1106-CM-3445 ("CM-3445"), he was charged with five crimes, four of them felonies, in three separate cause numbers, 03D01-1304-FC-2230 ("FC-2230"), 03D01-1307-FC-4042 ("FC-4042"), and 03D01-1403-FD-1132 ("FD-1132"). Based on the new charges, the State petitioned to revoke Watson's probation. Watson and the State entered a plea agreement that provided Watson would plead guilty to Class A misdemeanor domestic battery and Class D felony attempted criminal confinement to be entered as a Class A misdemeanor under cause number FC-4042; Class D felony failure to appear under cause number FD-1132; and admit violating his probation in cause numbers FD-1688 and CM-3445. In exchange, the State agreed to

dismiss cause number FC-2230, which contained two felony counts. According to the plea agreement sentencing was left to the discretion of the trial court.

[3] At the sentencing hearing, the trial court found two aggravating factors—Watson's history of criminal and delinquent behavior and that he violated the terms and conditions of his probation—and no mitigating factors. Tr. p. 90-91. Although the trial court acknowledged that Watson pled guilty, it found that he received a benefit from the plea agreement and, therefore, did not consider the plea to be a mitigating factor. The trial court sentenced Watson as follows: under cause number FC-4042, to two one-year terms in Bartholomew County Jail, both suspended to probation; under cause number FD-1132, to two-and-one-half years at the Indiana Department of Correction, with one of those years as a direct commitment to Community Corrections to be served consecutively to the sentence in FC-4042; and to time served for the two probation violations.

[4] Watson now appeals his sentence.

# Discussion and Decision

[5] On appeal, Watson contends the trial court abused its discretion by not finding his guilty plea and the undue hardship on his dependent children to be mitigating factors.

[6] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind.

2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including entering a sentencing statement that omits mitigating factors that are clearly supported by the record. *Id.* at 490-91. Watson bears the burden of establishing "that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 493 (citing *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)).

[7] We find that Watson has not proven that his proffered mitigating circumstances are significant and clearly supported by the record. First, Watson points out that by pleading guilty he "is taking accountability for his actions," and he removed five cases from the court's docket, saving the State considerable time and resources. Appellant's Br. p. 4. "A guilty plea is not automatically a significant mitigating factor," particularly where the defendant receives adequate benefits. *Cuyler v. State*, 798 N.E.2d 243, 247 (Ind. Ct. App. 2003), *trans. denied*. Here, the State significantly reduced Watson's exposure at sentencing by agreeing to dismiss two felony charges under cause number FC-2230, and by reducing the charges under cause number FC-4042 from Class C felony attempted criminal confinement to Class D felony attempted criminal confinement to be entered as a Class A misdemeanor. Appellee's Br. p. 7. Therefore, it was not an abuse of discretion for the trial court to conclude Watson received adequate benefits from the plea agreement and to reject his guilty plea as a mitigating factor.

[8] Second, the record does not support Watson's claim that incarceration would cause undue hardship for his dependent children. "Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Watson's circumstances, as presented in the record, do not rise to the level of undue hardship. He has four children, all of whom live with their mothers. None of the three mothers testified at sentencing that Watson's incarceration would create any hardship. There are support orders for three of the children totaling $200 per week. Tr. p. 43-45. However, Watson was already $16,000 behind in support payments at the time of sentencing. *Id.* at 49-50. In short, Watson failed to establish that the hardship to his dependents is undue. His case is not distinguishable from the "[m]any persons convicted of serious crimes [who] have one or more children" and is not a "special circumstance" meriting additional consideration. *See Dowdell*, 720 N.E.2d at 1154.

[9] Finding that Watson has failed to prove that the mitigators are both significant and clearly supported by the record, we conclude that the trial court did not abuse its discretion in sentencing Watson.

[10] Affirmed.

[11] Robb, J., and Pyle, J., concur.