## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 7:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stanley Mark Harris,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 30, 2019

Court of Appeals Case No.
18A-CR-1019

Appeal from the Clark Circuit Court

The Honorable Joseph P. Weber, Judge

Trial Court Cause No.
10C03-1705-CM-844

**Pyle, Judge.**

# Statement of the Case

Stanley Harris ("Harris") was convicted by a jury of Class A misdemeanor operating a vehicle while intoxicated ("OVWI") causing endangerment and Class C misdemeanor OVWI.[1]  On appeal, Harris argues that:  (1) the State presented insufficient evidence to establish venue; and (2) remand is necessary to correct the sentencing order because the trial court erred when it entered a judgment of conviction for the lesser-included offense of Class C misdemeanor OVWI and indicated that the convictions were pursuant to a plea agreement. Concluding that the State presented sufficient evidence to establish venue and that remand is necessary, we affirm in part, reverse in part, and remand to the trial court with instructions.

We affirm in part, reverse in part, and remand.

# Issues

1.  Whether the State presented sufficient evidence to establish venue.
2.  Whether remand is necessary to correct sentencing order errors.

---

[1] IND. CODE § 9-30-5-2.

# Facts

[3] On May 6, 2017, Indiana State Police Trooper Justin Meers ("Trooper Meers") was working traffic control on U.S. 31 in southern Indiana. Trooper Meers parked his vehicle at the base of the Second Street Bridge and was facing southbound observing traffic leave Kentucky and enter Indiana. Trooper Meers observed a Ford Taurus cross the Second Street Bridge and "enter the State of Indiana" on a northbound route. (Tr. 102). The vehicle drove "very far left" of the double yellow center line to such an extent that "half [of] the vehicle" was in the southbound lane. (Tr. 102). The vehicle "jerked and swerved" back into its lane, continued northbound on U.S. 31, and again swerved left of the center line just shy of a hill crest on that segment of a roadway. (Tr. 102).

[4] Trooper Meers followed the vehicle northbound on U.S. 31 onto Stansifer Avenue. He subsequently activated his emergency lights near a railroad bridge on Stansifer Avenue. The driver of the vehicle, Harris, stopped in a parking lot near the intersection of Stansifer Avenue and Spring Street. Trooper Meers made contact with Harris and "immediately smelled a very, very strong odor of alcohol coming from the vehicle." (Tr. 105).

[5] Harris informed Trooper Meers that he was coming from a bar in Louisville where he had consumed "several" drinks. (Tr. 106). Trooper Meers then asked Harris to perform two field sobriety tests, which he failed. Following the tests, Harris explained that he suffers from C.O.P.D. and would prefer to take a blood test rather than submit to a breathalyzer. Trooper Meers transported

Harris to Clark Memorial Hospital, where he subsequently refused to take the blood test. Harris was then arrested for OVWI and taken to the Clark County Jail. When asked on cross-examination why he did not obtain a search warrant for Harris' blood, Trooper Meers explained that through his "training and experience[] [of] working [in] Clark County," he would not be able to obtain a search warrant on a run-of-the-mill OVWI. (Tr. 133).

[6] The State charged Harris with Class A misdemeanor OVWI causing endangerment and Class C misdemeanor OVWI. A jury trial was held on March 22, 2018, and Trooper Meers was the sole witness. After the State rested, Harris motioned for a directed verdict "based upon the fact that there was no proof that [the offenses] occurred in Clark County, Indiana." (Tr. 135). After an off-the-record discussion in chambers, the trial court denied the motion. Thereafter, the jury found Harris guilty of both counts. Following the jury verdict, the trial court noted that the Class C misdemeanor was "a lesser included" offense of the Class A misdemeanor. (Tr. 173).

[7] On April 5, 2018, the trial court held a sentencing hearing. At the hearing, the trial court stated:

> We're here for a sentencing today. This was a result of a jury trial that was held previously, and the jury found Mr. Harris guilty of Count I, Operating a Vehicle While Intoxicated, Endangering a Person, which is a[n] A Misdemeanor, of course. Punishable by a penalty of up to $5000, one year in jail. The second count is a *lesser included misdemeanor*, C Misdemeanor, rather, Operating While Intoxicated.

(Tr. 174) (emphasis added). In the "Judgment of Conviction and Sentence" order dated the same day, the trial court entered a conviction for both offenses and imposed a one-year suspended sentence to probation, except ninety (90) days home detention. The trial court also stated:

> The Court finds the Defendant pled guilty freely and voluntarily, with full knowledge of rights, and there was a factual basis for such plea(s). The Court accepts the Plea(s), finds the defendant guilty of (each of) the crime(s) to which the Defendant pled guilty and enters Judgement of Conviction for such crime(s).

(App. Vol. 2 at 29). Harris now appeals.

# Decision

Harris argues that: (1) the State presented insufficient evidence to establish venue; and (2) remand is necessary to correct the sentencing order. We address each of his contentions in turn.

## 1. Venue

First, Harris argues that the State failed to present sufficient evidence to prove venue. Specifically, Harris argues that there was no testimony proving that the offense occurred in Clark County. Conversely, the State maintains that there was testimony from which a jury could infer that the offense occurred in Clark County. We agree with the State.

Venue is not an element of the offense. *Alkhalidi v. State*, 753 N.E.2d 625, 628 (Ind. 2001). Accordingly, the State is required to prove venue by a

preponderance of the evidence rather than beyond a reasonable doubt. *Smith v. State*, 835 N.E.2d 1072, 1074 (Ind. Ct. App. 2005). In other words, the State was required to prove that Harris more likely than not committed OVWI in Clark County. *See Fry v. State*, 990 N.E.2d 429, 448 (Ind. 2013) (explaining preponderance standard). Venue may be established by circumstantial evidence. *Bryant v. State*, 41 N.E.3d 1031, 1037 (Ind. Ct. App. 2015). Further, "the State meets its burden of establishing venue if the facts and circumstances permit the trier of fact to infer that the crime occurred in the given county." *Eckstein v. State*, 839 N.E.2d 232, 233 (Ind. Ct. App. 2005).

[11]  The basis of Harris' argument is that there was insufficient evidence to establish venue in Clark County. Our review of the record, however, reveals testimony from which the jury could have inferred that the instant offense did, in fact, occur in Clark County. At trial, Trooper Meers testified that he was on patrol on U.S. 31 "right at the base of the Second Street Bridge." (Tr. 98). Trooper Meers then observed Harris' vehicle enter the State of Indiana, and he followed it northbound on U.S. 31 onto Stansifer Avenue. After Trooper Meers activated his emergency lights, Harris stopped in a parking lot near the intersection of Stansifer Avenue and Spring Street. After two failed field sobriety tests and a refusal to submit to a blood test while at Clark Memorial Hospital, Harris was transported to the Clark County Jail. Further, when asked on cross why he did not obtain a search warrant for Harris' blood, Trooper Meers explained that through his "training and experience[] [of] working [in] Clark County," he would not be able to obtain a search warrant on a run-of-the-

mill OVWI.  (Tr. 133).  We conclude that the circumstantial evidence was sufficient to allow the trier of fact (jurors from Clark County) to infer that the crimes more likely than not occurred in Clark County.

**2.  Lesser-Included Offense**

[12]    Next, Harris argues that remand is necessary to correct the sentencing order because the trial court erred when it entered a judgment of conviction for the lesser-included offense of Class C misdemeanor OVWI and indicated that the convictions were pursuant to a plea agreement.  The State agrees that remand is necessary.

[13]    INDIANA CODE § 35-38-1-6 provides that if "a defendant is charged with an offense and an included offense in separate counts[ ] and the defendant is found guilty of both counts[,] judgment and sentence may not be entered against the defendant for the included offense."  An offense is a lesser included "if it differs from another 'only in the respect that a less serious risk of harm to the public interest is required to establish its commission.'"  *Watson v. State*, 972 N.E.2d 378, 384 (Ind. Ct. App. 2012) (quoting *Sering v. State*, 488 N.E.2d 369, 375 (Ind. Ct. App. 1986)).

[14]    Here, a jury found Harris guilty of Class A misdemeanor OVWI causing endangerment and Class C misdemeanor OVWI.  Following the trial and during the sentencing hearing, the trial court acknowledged that the Class C misdemeanor offense was a lesser-included offense of the Class A misdemeanor.  Despite this acknowledgment, the trial court entered a judgment

of conviction for both offenses and also stated that the convictions were the result of a plea agreement. Accordingly, we remand to the trial court with instructions to vacate Harris' Class C misdemeanor conviction and enter a new "Judgment of Conviction and Sentence" order. We also instruct the trial court to correct the order to reflect that Harris' conviction was the result of a jury trial.

[15] Affirmed in part, reverse in part, and remanded with instructions.

Riley, J., and Bailey, J., concur.