**Donald Ray PECK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A05–9806–CR–283.

Court of Appeals of Indiana.

Dec. 29, 1998.

Transfer Granted March 2, 1999.

Edward C. Hilgendorf, South Bend, for Appellant.

Jeffrey A. Modisett, Attorney General, Rosemary Borek, Deputy Attorney General, Indianapolis, for Appellee.

### OPINION

KIRSCH, Judge.

A jury convicted Donald Ray Peck of operating a motor vehicle while suspended as an habitual traffic violator.[1] He appeals his conviction, claiming that the trial court erroneously denied his motion to suppress evidence because such evidence was obtained pursuant to an illegal traffic stop.

We reverse.

### FACTS AND PROCEDURAL HISTORY

At approximately 2:00 on the morning of December 10, 1997, police officer Mark Szwe-

---

1. *See* IND.CODE § 9–30–10–16.

da was on routine patrol. While traveling about one-half block behind a gray Buick, Officer Szweda observed the driver of the Buick turn without signaling. Officer Szweda stopped the Buick which he determined was driven by Peck. As a result of the stop, Officer Szweda learned that Peck's driver's license was suspended because he was an habitual traffic violator.

At trial, Peck argued that the traffic stop was illegal and moved to suppress all evidence obtained as a result of that stop. The trial court denied Peck's motion, and a jury convicted him. Peck appeals.

## DISCUSSION AND DECISION

■ IC 9–21–8–24 prohibits a person from, among other things, turning his vehicle unless such turn can be made with reasonable safety. The statute further requires that the driver use an appropriate signal if his turn may affect a pedestrian or other vehicle. There is nothing in the Record to indicate that Peck could not turn his vehicle with reasonable safety. Furthermore, Officer Szweda specifically testified that there were no other vehicles in the area, and because he was not asked about the presence of pedestrians, we infer from the silent Record that there were none. Therefore, Peck was not required to signal before turning. Officer Szweda's reliance on Peck's failure to signal was therefore unjustified, making the stop illegal. *See Cash v. State,* 593 N.E.2d 1267 (Ind.Ct.App.1992) (police officer's mistaken belief that motorist's license plate was improperly fastened to vehicle did not justify traffic stop).

■ The State argues that even if Peck did not commit a traffic infraction, Officer Szweda was justified in his actions because he had a good faith belief that Peck had done so. Although a law enforcement officer's good faith belief that a person has committed an infraction will justify a traffic stop, IC 34–4–32–2 (repealed, now codified at IC 34–28–5–3), a police officer's mistaken belief about

what constitutes an infraction does not amount to good faith.[2] To hold otherwise would afford unlimited discretion to police officers to justify otherwise illegal traffic stops based upon the officers' belief about what constitutes an infraction. Such discretion is not permitted by our constitutions. *Cash,* 593 N.E.2d at 1269 ("simple good faith on the part of the arresting officer is not enough. If it were, 'the protections of the Fourth Amendment would evaporate.'") (quoting *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968)).

Peck's conviction is reversed.

ROBB, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

I dissent.

The majority erroneously concludes that Officer Szweda's stop of Peck was unjustified. First, IND.CODE § 9–21–8–25 (1993) provides, in part: "A signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes." Peck failed to signal before turning right. Thus, Peck violated IC 9–21–8–25, thereby committing a Class C infraction,[3] and Officer Szweda was justified in stopping his vehicle.

Second, contrary to the majority's holding, the record supports the conclusion that Peck violated IND.CODE § 9–21–8–24 (1993). IC 9–21–8–24 requires a motorist to give a turn signal when any other vehicle may be affected by the turn. The record establishes that Officer Szweda was driving a half-block behind Peck when Peck turned without signaling. Given the proximity of Officer Szweda's vehicle to Peck's vehicle, the trial court could have concluded that Officer Szweda's vehicle "may" have been "affected" by Peck's turn.

**2.** We reject the State's reliance on *English v. State,* 603 N.E.2d 161 (Ind.Ct.App.1992), because the court's reference to the police officer's good faith belief was dicta given that a traffic infraction had in fact been committed.

**3.** IND.CODE § 9–21–8–49 (1993).

Because I would affirm the trial court, I dissent.