Donald Ray PECK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 71S05–9903–CR–162.

Supreme Court of Indiana.

May 5, 1999.

Edward C. Hilgendorf, South Bend, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. Ind.Code § 9–30–8–24 (1993).

2. Ind.Code § 9–21–8–25 (1993) provides in relevant part:
   A person may not ... turn a vehicle from a direct course upon a highway ... unless the movement can be made with reasonable safety.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

While defendant Donald Ray Peck was driving his automobile on December 10, 1997, he was stopped by a police officer after turning a corner without signaling. As a result of the stop, the officer learned that defendant's driver's license had been suspended because he was a habitual traffic offender. A jury subsequently convicted him of Operating a Motor Vehicle While Suspended as a Habitual Traffic Violator.[1]

Defendant appealed on grounds that the evidence of his habitual traffic violator status obtained in the stop should have been suppressed because the stop itself was illegal. The Court of Appeals read one of the statutes governing vehicle operation, Ind.Code § 9–21–8–24,[2] to mean that, under the circumstances of this case, defendant was not required to signal before turning. *Peck v. State*, 705 N.E.2d 188, 189 (Ind.Ct.App.1998). This, the court reasoned, rendered the stop illegal. *Id.* The court then held the evidence obtained in the stop should have been suppressed and reversed the operating while suspended conviction. *Id.*

Judge Staton in dissent calls our attention to another statute governing vehicle operation, Ind.Code § 9–21–8–25 (1993), which provides in relevant part: "A signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes."

Judge Staton's point is well taken. Defendant did not signal before turning and so violated Ind.Code § 9–21–8–25. The stop was justified and the trial court did not err in admitting the evidence obtained in it.

Having previously granted transfer, thereby vacating the opinion of the Court of Appeals pursuant to Ind. Appellate Rule

Before making a movement described in this section, a person shall give a clearly audible signal by sounding the horn if any pedestrian may be affected by the movement and give an appropriate stop or turn signal ... if any other vehicle may be affected by the movement.

11(B)(3), we now affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.