# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2018, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Frederick Vaiana | Curtis T. Hill, Jr. |
| Voyles Vaiana Lukemeyer Baldwin & Webb | Attorney General of Indiana |
| Indianapolis, Indiana | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan C. Ellis, | June 12, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1712-CR-2760 |
| v. | Appeal from the Marion Superior Court. |
| | The Honorable Alicia A. Gooden, Judge. |
| State of Indiana, | Trial Court Cause No. 49G21-1510-F4-37645 |
| *Appellee-Plaintiff.* | |

**Friedlander, Senior Judge**

[1] Brian C. Ellis appeals his convictions of unlawful possession of a firearm by a serious violent felon, a Level 4 felony,[1] and driving with a suspended license, a Class A misdemeanor.[2] We affirm.

[2] On the night of October 20, 2015, Officer Brian Zootz and Officer Dane Elkins of the Indianapolis Metropolitan Police Department were on patrol together in a marked police car. They saw a black Pontiac driving in the opposite direction. Zootz turned his car around to follow the Pontiac, intending to look up its license plate on his computer. He did not activate his lights or siren.

[3] The Pontiac accelerated as it drove away at a high rate of speed. Officer Zootz followed and saw that the car made three turns without signaling before pulling into a driveway and stopping. The driver, later identified as Ellis, got out of the Pontiac and walked toward a house. When Ellis was halfway to the house, he returned to the car, opened the driver's door, and briefly leaned into the car before closing the door again and walking away.

[4] Next, Officer Zootz saw Ellis walk toward the side of the house, and he suspected Ellis intended to flee on foot. Zootz ordered Ellis to walk to the police car, and he complied. As Ellis stood by the police car, Officer Elkins looked in the Pontiac and saw a handgun in plain view on the floor near the driver's seat. No one else was in the car. Elkins told Zootz about the handgun,

---

[1] Ind. Code § 35-47-4-5 (2014).

[2] Ind. Code § 9-24-19-2 (2012).

and Zootz handcuffed Ellis. Ellis denied driving the car. Zootz later learned Ellis's license was suspended.

[5] On October 22, 2015, the State charged Ellis with unlawful possession of a firearm by a serious violent felon and driving while suspended. The State alleged Ellis was a serious violent felon because he had a prior conviction for robbery in Cause Number 49G06-0508-FB-145687 (FB-145687). In fact, Ellis had pled guilty in FB-145687 to conspiracy to commit robbery.

[6] Ellis filed a motion to suppress evidence, claiming the officers had no valid reason to detain him or to look in his car. The trial court denied Ellis' motion after a hearing. Next, Ellis waived his right to trial by jury and requested a bench trial. The court granted the request.

[7] The trial court held a trial on September 26, 2017. After the State rested its case, Ellis moved for dismissal pursuant to Rule 41(E), claiming the State failed to prove the prior conviction as alleged in the charging information. The court took the motion under advisement, and Ellis presented his case. Ellis presented evidence that he had been convicted of conspiracy to commit robbery in FB-145687.

[8] At the close of Ellis' case, he moved for judgment on the evidence. The court determined Ellis was guilty of possessing a firearm without a license and of driving with a suspended license, but the court withheld ruling on the motion for judgment on the evidence as to whether the State proved Ellis was a serious violent felon. The court instructed the parties to file arguments on the issue.

[9] On September 27, 2017, the State filed a Motion to Amend the Charging Information, asking the court to amend the information to state that his predicate felony conviction in FB-145687 was conspiracy to commit robbery rather than robbery. Ellis filed an objection. The court granted the State's motion and determined Ellis was guilty of possession of a firearm by a serious violent felon. Next, the court imposed a sentence, and this appeal followed.

[10] Ellis first argues that the trial court erred in denying his motion to suppress evidence, claiming: (1) the officers should not have detained him; and (2) Officer Elkins should not have looked in his car. Once a case proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable. *Baird v. State*, 854 N.E.2d 398 (Ind. Ct. App. 2006), *trans. denied*. Instead, we review whether the trial court should have admitted the evidence (here, the handgun), at trial. In general, rulings on the admissibility of evidence are reviewed for an abuse of discretion and reversed when admission is clearly against the logic and effect of the facts and circumstances. *Thomas v. State*, 81 N.E.3d 621 (Ind. 2017). However, when a challenge to such a ruling is predicated on the constitutionality of the search or seizure of evidence, it raises a question of law that we review *de novo*. *Id.*

[11] Ellis cited the Fourth Amendment and article 1, section 11 of the Indiana Constitution at trial, but on appeal he presents argument only as to the Fourth Amendment. He has waived any claim under the Indiana Constitution by failing to present a separate analysis. *See Francis v. State*, 764 N.E.2d 641 (Ind.

Ct. App. 2002) (court declined to address search and seizure claim under Indiana Constitution for lack of separate analysis).

[12] A law enforcement officer must have reasonable suspicion of criminal conduct to justify a traffic stop under the Fourth Amendment. *Dowdy v. State*, 83 N.E.3d 755 (Ind. Ct. App. 2017). A traffic stop and limited search is permissible where an officer has at least reasonable suspicion that a traffic law, or other law, has been violated. *Sanders v. State*, 989 N.E.2d 332 (Ind. 2013).

[13] Officer Zootz followed Ellis to look up Ellis' license plate in his computer when Ellis accelerated at a high rate of speed and made several turns without signaling. Failure to signal before turning is an infraction. *See* Ind. Code § 9-21-8-25 (1991) ("A signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes."). Ellis' infractions provided Officer Zootz with reasonable suspicion to detain Ellis at the house. *See Peck v. State*, 712 N.E.2d 951 (Ind. 1999) (failure to signal before turning provided a basis for traffic stop).

[14] Next, Officer Elkins looked in Ellis' car using a flashlight and discovered the handgun. The Fourth Amendment protects against unreasonable searches, but "[o]nce an officer properly stops a vehicle, merely looking through a vehicle to see that which is inside is not a search." *Avant v. State*, 528 N.E.2d 74, 76 (Ind. 1988). "That which is in plain view is not the product of a search." *Id.* The

*Avant* court determined that the use of a flashlight while peering into a car does not turn a mere view inside a car into a search. *Id.*

[15] In this case, the handgun was in plain view on the floor, near the driver's seat. The admission of the handgun into evidence at trial did not violate the Fourth Amendment. *See Taylor v. State*, 929 N.E.2d 912 (Ind. Ct. App. 2010) (counsel did not render ineffective assistance by failing to object to admission of shotgun into evidence; gun was found in plain view during a valid protective sweep, so no Fourth Amendment violation), *trans. denied*.

[16] We next address Ellis' claim that the trial court should not have granted the State's motion to amend the charging information post-trial to allege that conspiracy to commit robbery, rather than robbery, was the predicate felony for the charge of possession of a handgun by a serious violent felon. Ellis argues the amendment "substantially prejudiced" him by leaving him "defenseless." Appellant's Br. p. 16.

[17] The statute that governs amending a charging information provides, in relevant part:

> (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
>
> (1) up to:
>
> (A) thirty (30) days if the defendant is charged with a felony; or
>
> (B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant.  When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Ind. Code § 35-34-1-5 (2014).

[18]  We must first determine whether the post-trial amendment of the charging information was a matter of substance or form.  If the amendment was a matter of substance, then it was untimely pursuant to Indiana Code section 35-34-1-5(b).  Whether an amendment is a matter of substance or form is a question of law that we review de novo.  *Erkins v. State*, 13 N.E.3d 400 (Ind. 2014).  Our Supreme Court has stated as follows:

> An amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form.  And an amendment is one of substance only if it is essential to making a valid charge of the crime.

*Fajardo v. State*, 859 N.E.2d 1201, 1207 (Ind. 2007).

[19]  In *Adcock v. State*, 933 N.E.2d 21 (Ind. Ct. App. 2010), *trans. denied*, the State charged Adcock with child molesting and with being a repeat sex offender

(RSO). The RSO notice, which the State filed with the charging information, alleged that Adcock's predicate conviction was handed down in 1990 in relation to an offense that he had committed in 1984. During the trial on the RSO allegation, the State requested permission to amend the charging information to change the date of conviction to 1986. The trial court granted the State's request, and Adcock was convicted of the RSO allegation.

[20] On appeal, Adcock argued the amendment during trial was a matter of substance and was untimely. The Court disagreed, noting the original RSO notice informed Adcock of the prior case that involved the predicate felony, and the date of sentencing was included in documents from that case. The Court further concluded that because Adcock was provided with sufficient notice, his defenses to the RSO status were "equally available before and after that amendment." *Id.* at 30. In addition, the amendment did not change the "material elements relevant to the RSO determination," specifically that he had been convicted of a prior sex offense. *Id.*

[21] By contrast, in *Nunley v. State*, 995 N.E.2d 718 (Ind. Ct. App. 2013), *clarified on reh'g*, 4 N.E.3d 669 (2013), *trans. denied*, the State alleged in May 2010 that Nunley was a habitual offender, citing two prior convictions as predicate offenses. Two years later, during trial, the State requested leave to amend the habitual offender allegation to switch one of the previously-alleged prior convictions for other prior convictions. The court granted the motion and continued the trial for six days. The jury later determined Nunley was guilty.

[22] On appeal, Nunley argued that the amendment during trial was a matter of substance and unfairly deprived him of a defense, specifically that one of the predicate felonies originally cited by the State in the charging information could not support a habitual offender allegation. The Court agreed that the amendment was of substance and also prejudiced his substantial rights. The Court reversed the habitual offender determination due to the late amendment.

[23] We conclude that Ellis' case more closely resembles the circumstances in *Adcock* than the circumstances in *Nunley*. In Ellis' case, the State set forth in the charging information the cause number of the case it intended to present as the predicate felony. Thus, even if the State did not correctly identify the predicate felony, Ellis was not surprised by the amendment because he was aware which case was at issue and what offense formed the basis for the predicate conviction. By contrast, in *Nunley* the State attempted, with no notice, to swap one prior case for another.

[24] Further, any substantive defenses Ellis may have had to the serious violent felon allegation remained the same after the amendment. During trial, he did not dispute that he had a prior felony conviction. To the contrary, he joined with the State in stipulating to the admission of State's Exhibit 16, the charging information and probable cause affidavit from FB-145687. During Ellis's case, he offered as exhibits other documents from FB-145687.

[25] Finally, as was the case in *Adcock*, the amendment in Ellis' case did not affect any material elements relevant to the serious violent offender allegation,

because it remained true that the State adequately alleged that Ellis had committed a predicate felony. We conclude the amendment was a matter of form, not substance. *See Adcock*, 933 N.E.2d 21; *see also Blythe v. State*, 14 N.E.3d 823 (Ind. Ct. App. 2014) (amendment of charging information during trial was not substantive; changing the specific terms of the forgery charges did not alter Blythe's defense).

[26] We must next determine whether the amendment as to form prejudiced Ellis' substantial rights in violation of Indiana Code section 35-34-1-5(c). A defendant's substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge; and if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights. *Erkins*, 13 N.E.3d 400 (quotation omitted). The key question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges. *Id.* (quotation omitted).

[27] Ellis was notified on October 22, 2015, almost two years prior to trial, that the State would argue that his conviction in FB-145687 was the predicate conviction supporting the State's allegation that he was a serious violent felon. Although the State named an incorrect offense in the charging information, the information fulfilled its purpose of informing him of the basic charge. Further, Ellis could have anticipated that the State would seek to correct the defect as to form and had ample opportunity to prepare. He chose instead to stipulate at trial that he was the defendant in FB-145687. We conclude that Ellis had a reasonable opportunity to prepare for and defend against the charges, and the

amendment did not prejudice his substantial rights. *See Adcock*, 933 N.E.2d 21 (amendment did not prejudice Adcock's substantial rights; the original notice provided sufficient information to prepare a defense despite an incorrect date).

[28] For the reasons stated above, we affirm the judgment of the trial court.

[29] Judgment affirmed.

Robb, J., and Bradford, J., concur.